UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

ANTHONY LAFAUCI

PLAINTIFF

- V -                                           CIVIL ACTION NO. _____

PETER PEPE, SUPERINTENDENT, MICHAEL CUNNINGHAM, WARDEN
JANE PERLOV: LORI CRESEY: MICHAEL MALONEY: COMMISSIONER:
DENISE HEATH: EDDA CANTOR: PETERALAN: MARK POWERS: JOHN MARSHALL,JR:
GREGORY CROMPTON: DALE BISSONNETTE: STEPHEN KENNEDY: ERNEST THERIEN:
FRANCES MCKINNON: CHARLIE KENNY: SCOTT CALLANDER: WILLIAM FARIA:
LIMEIA PERRY: WAYNE TRAVIES: GERALD RADUZZO: BILL VOSHER: THOMAS McINTYRE:
DAVID KING: OFFICER JOHN DOE ( Badge#1454; and OFFICER JOHN DOE - 1

DEFENDANTS

RECEIVED DEC - 3 2004

## MOTION FILING THIS CLAIM IN ITS ISSUES THAT WERE PRIOR WRONGFULLY DISMISSED WITHOUT PREJUDICE TO THE CONCERNS OF ( PLRA ) 42 USC § 1997 e ( a ) AND ITS MATTERS BEFORE THIS COURT

Now comes the plaintiff Anthony LaFauci, as Pro-Se and states to this Courts attention under the status of ( PLRA ) Prison Litigation Reform Act accordingly to the administration remidies this filed complaint was unlawfully and wrongfully dismissed by this court as this is stated below

1) The plaintiff is a New Hampshire State inmate that was unlawfully transferred to the state of Massachusetts in a retaliation for filing a lawsuit againt the state of New Hampshire State Prison which this move did cause a second retaliation and another filed lawsuit against the above defendants that did cause phyiscal harm and injuries, negligence, deni*al of appropriate care, assaulted by correctional

staff several times, placed into level 6 as a level 3 inmate minimum secrity, deprived adequate housing, assaulted by several inmates at level 6 with serious stapping by leaving a weapon on the unit. the use of force with malicious intent, deliberate indifference, causing physical bodily harm. These were filed and the prison was notified, the commissioner did answer a grievance that was filed, the facts these marks of permanet injuries are still on my chest.

3) The plaintiff is requesting to a State Claim of State Liability, due to such an intentional retaliation by and through the State of Massachusetts Prison System in its negligence acts.

4) The plaintiff states this claim and its paperwork were issued to the Courts attention the facts this case was dismissed without prejudice, to refile claims and this Court after reviewing such filed information if this is ignored a request to the Court that all these paperwork and its documents be issued to the UNITED STATES SUPREME COURT for further action.

5) The plaintiff had issued the original filings during November 2001 when the Supreme Court was deciding a case called Booth - V - Churner 532 U.S. 731, 736, 121 S.Ct. 1819, 1822 n.4 ( 2001 ) " Whereby the Court states " where an administrative officer has **NO AUTHORITY** to act on the subject of a complaint the [ PRISONER ] has **NOTHING MORE TO EXHAUST**, and then in the cases of Stanislas - V - Tolson No. 00 - 5419, W.L. 718441 ( E.D.N.Y. 2002 ) The Booth decision was used to further support that **NO ADMINISTRATIVE REMEDIES** WERE AVAILABLE TO AN INMATE WHO WAS " MOVED or TRANSFERRED " to another prison or to another State before he could finish fully exhausting his State Prison Remedies. Also See Ligon - V - Doherty 208 F. Supp. 2d 384 ( E.D.N.Y. )

6) THe plaintiff states this is the same issues that are in question under this Prison Litigation Reform Act 42 USC § 1997e(a) and of the same situation as the plaintiff was moved to another State and the supporting documents as Case laws the proposition, that when an inmate is transferred from on State to another or from the facilities subject to constitutional violations in the Complaint, the [PRISONER] has no administrative remedies when transferred to another priso in anoter State " E X A C T L Y " in my case in the same  See  as these cases of case laws state facts in closed as they are outlined

EXHIBIT - H 1 -     EXHIBITS - H - 2 -     EXHIBIT - H - 3 -     EXHIBITS - H - 1,2,3,

WHEREFORE the plaintiff respectfully request the Court grant the following relief:

( A ) Order that the above is accepted and the complaint is re-numbered and as its states

( B ) Order that if this complaint is objected by this court that it is mailed to the United State Supreme Court for its value in its status

( C ) Grant such further relief as it may seem just and proper to this Court as to re-file this claim.

Respectfully Submitted

November 6, 2004   X _____ Pro-Se
ANTHONY LAFAUCI Pro-Se
900 Highland Avenue
Cheshire, Connecticut
06410