# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

ANTHONY LAFAUCI

        PLAINTIFF

    V - S

CIVIL ACTION No.

MCI CEDAR-JUNCTION SUPERINTENDENT PETER PEPE,Jr,

NEW ENGLAND INTERSTATE CORRECTIONS COMPACT AGENTS,

MA. DEPT. OF PUBLIC SAFETY JANE PERLOV, LORI CRESEY,

COMMISSIONER MICHAEL T. MALONEY, DENISE HEATH(NH) DOC,

Edda Cantor,(NH) ACTING (COM.) MICHAEL J CUNNINGHAM, (NH)

DIRECTOR OF OPERATIONS PETER ALLEN, MARK POWERS,

SUPERINTENDENT JOHN MARSHALL Jr, GREGGORY CROMPTON, (DOC NH)

UNIT MANAGER DALE BISSONNETTE,

SERGEANT STEPHEN KENNEDY,

SERGEANT ERNEST J THERIEN,

SERGEANT FRANCES MCKINNON,

SERGEANT CHARLIE KENNY,

OFFICER SCOTT CALLANDER,

OFFICER WILLIAM FARIA,

OFFICER LIMELA PERRY,

OFFICER WAYNE TRAVIES,

OFFICER GERALD RADUZZO,

OFFICER BILL VOSHER,

OFFICER JOHN DOE-1,

OFFICER JOHN DOE-1454,

THOMAS MCINTYRE,

DAVID KING,

RECEIVED
DEC - 3 2004

JURY

TRIAL

DEMANDED

" COMPLAINT "

THIS IS A CIVIL ACTION FILED BY ANTHONY LAFAUCI, A NEW HAMPSHIRE STATE PRISONER THAT WAS TRANSFERRED TO THE STATE OF MASSACHUSETTS BY THE NEW ENGLAND INTERSTATE CORRECTIONS COMPACT OFFICE, THE PLAINTIFF IS FILING FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 USC § 1983 ALLEGING THE DENIAL OF A FAIR AN PROPER DISCIPLINARY HEARING FAILING TO COMPLY WITH PROCEDURAL RULES AND EVIDENCE THE PLAINTIFF ALSO ALLEGES THE USE OF EXCESSIVE FORCE, DENIAL OF MEDICAL CARE BY CORRECTIONAL STAFF IN VIOLA TION OF THE FIRST THE FIFTH, THE EIGHTH, AND THE FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION VIOLATION OF THE DUE PROCESS CLAUSE AND PLACED INTO CONFINEMENT LOCKED 22½ TO 24 HOURS A DAY NEEDLESSLY BY STAFF ALSO THE EXPOFACTO CLAUSE IS VIOLATED AND ALL ACCESS TO PROGRAMM ING AND MINIMUM ELIGIBILITY FOR PAROLE AT ISSUES. THE PLAINTIFF ALSO ALLEGES THE TORT OF ASSAULT AND BATTERY AS WELL AS NEGLIGENCE.

## " VERIFIED COMPLAINT "

The plaintiff was transferred to the State of Massachusetts on January 21, 1998 from the State of New Hampshire State Prison in a retaliation for filing a law suit and naming Prison officials. The plaintiff states the issues continued at the State of Massachusetts by the hands of the Massachusetts Correctional staff. This plaintiff was intentionally placed into high levels of security level 6 Ceder-Junction Walpole as a retaliation had continued by Massachusetts staff. The plaintiff was physically abused mistreated, harassed, denied programming, assaulted and given false misleading D Reports at issues. The plaintiff states he was placed into confinement locked 22½ to 24 hours a day. On August 19, 1999 the plaintiff was assaulted and beaten by officer Wayne Travies, this plaintiff did place criminal assault chargers on this officer but the Wrentham District Court did intentionally ignor and deprive any actions stating Glc 127 38E - 38 H exhaustion of a grievance

The plaintiff is also requesting this Court to review all the following  D - Reports which were falsely issued by correctional staff

| DATE | D - REPORT & NUMBER | INFACTION OF RULE | STAFF |
|------|---------------------|-------------------|-------|
| 12/01/99 | 99 - 2229 | dismissed Assaulted | |
| 12/07/99 | 99 - 2283 | 17, 19, 33 | Stephen Kennedy |
| 12/19/99 | | dismissed Assaulted | |
| 12/23/99 | 99 - 2358 | 18 | Scott Callender |
| 12/29/99 | 99 - 2386 | 8, 19 | Stephen Kennedy |
| 02/17/2000 | 00 - 0248 | dismissed 20 days in the hole | Gerrald Raduazzo |

These above D - report have cause harm in there nature of use by the Massachusetts Department of Corrections and have intentionally been issue to deprive any and all freedom to this plaintiff at not only inthe Suffolk Superior, but in to the Norfolk County Superior Court. As a Verified Complaint see medical reports in Black & White the Prison was shut down August 19, 1999 and this did deprive me medical, this is also a State Claim of liability

- A -

## " S T A T E   C L A I M S   O F   S T A T E   L I B I L I T Y "

The plaintiff was placed in to Cedar - Junction Walpole which is a level 6 Institution at the State of Massachusetts. The plaintiff is a New Hampshire State transferred inmate and had no such crime or any such D - Report to be placed or sent in this kind of institution and facility. This State Prison is a Super. Max institution the plaintiff was subjected to a confinement of 22½ to 24 hours per day locked in a cell from April 1999 until January 2000 denied access to appropriate medical care, law library, programming and was intentionally assaulted by staff and inmates in which the following are held to this State Claim, under the Eighth Amendment ( The State Of Massachusetts, The Department of Public Safety, The Department Of Corrections and The New England Interstate Corrections Compact as there Agents. The State of New Hampshire as this responsible parties.

Under the Eighth Amendment the Massachusetts State official are responsible and obligated to protect any and all inmates from any kinds of Violence and the failure to provide protection constitutes State Action and this subjects the State of Massachusetts to a claim of liability and the State Of New Hampshire.

In support of this view is provided by decisions of the Court holding the State responsible to provide inmates with medical care as well as other minimal civilized measures of life necessities  Estelle - V - Gamble 429 us 97 (1976) Rhodes - V - Chapmon 452 us 337, 347 ( 1981 ) Farmer - V - Brennan Cite 114 S.Ct. 1970 ( 1994 ) "Deliberate indifference " holding that the State is obligated to provide Prisoners with life necessities.

The plaintiff was transferred to MCI Concord, Massachusetts during the plaintiff's stay at MCI Concord, Massachusetts ( 2 ) two named defendants that were involved in Civil Action 9747 JD at the State of New Hampshire, on February 02, 1998 came to the  MCI Concord Massachusetts State Prison. The plaintiff did state clearly to both these defendants that they are named in the filed Civil Action. Both these correctional officers prior to this incendent and issue, did mistreat, abused, harassed and assaulted the plaintiff. There is another Action filed in this Court as 98-12328-JLT, by this filed action did cause harm to the plaintiff and did open door ways to other officers who will be named in other filings and are under color of law.

- B -

1) **Incident One** paragraphs <u>22</u> through to <u>60</u> containing of an unconstitutional
punishment of a criminal assault done intentionally. The use of force violating
( <u>103 CMR 505.00</u> ) causing an infliction of bodily harm of pain and suffering
intentionally denying and depriving any kind of medical treatment. Constitutes
a deliberate indifference, also a tort claim of negligence under State Laws of
the Commonwealth of Massachusetts. Insupport of this fact is a signed letter from
the Deputy Superintendent defendant Mark Powers, written on September 13, 1999.
This letter stated the Commonwealth of Massachusetts Cedar–Junction was locked
down, there was no medical staff August 19,1999, August 20, 1999 and August 22,
1999. The plaintiff did submit request slips asking for medical attention, and
had asked staff. The following staff are named in the above paragraphs Wayne
Travies, John Doe -1, Dale Bissiontte, Frances Mckinnon, John Marshall Jr, Mark
Powers and Charlie Kenny; These named defendants are held to a State claim of
liability in there actions under State law of Massachusetts.

2) **Incident Two** paragraphs <u>61</u> through to <u>79</u> containing a retaliation assault first
by an inmate then by staff. Violating ( <u>103 CMR 505.00</u>  <u>use of force</u> ) also a
statement was stated by the plaintiff to remove the <u>**Mop Bucket and it's weapons**</u>
<u>**as Mop and Broom**</u>. This was ignored. The following persons are named in this
section defendant inmate David King # W51507, Donald Crowly, Co Kennth, and inmate
Howard B Brown. There was a request slip submitted and a grievance form issued to
Superintendent Peter Pepe Jr. and to the Commissioners office with letter of the
facts.

3) **Incident Three** paragraphs <u>80</u> through to <u>104</u>  containing a continuing retaliation
by Correctional staff <u>D</u> <u>Reports</u> which were false misleading. The defendants had
intentionally deprive and denied a fair and proper hearing, denying evidence also
had presented evidents that was written by the defendants. The plaintiff was denied

to call witnesses, denied to have these hearing tape recorded denied access to law library, denied to have hand writing evidence denied D & A evidence. The plaintiff was deprive and denying that the hearing office was impartial to hear these issues that he was a named defendant in another Civil Action. Defendant Peter Allen, whom was also a named defendant had intentionally answered this appeal and a complaint was issued for his impartiality. The following name of person are in these above paragraphs Michael J Cunningham, Mark Powers, Stephen Kennedy, Ernest J Therien, inmate James Baily, inmate Michael Caputo, Peter Pepe Jr; Limeia Perry, Dale Bissonnette, Peter Allen, William Faria, Michael T. Maloney, Jane Bennder, and Jane Perlov. as this retaliation had continued.

4) **Incident Four** paragraphs **105** through to **150** as this retaliation had continued inwhich the plaintiff was stabbed several times by an inmate, then was brutally assaulted by several correctional officers. The plaintiff holds the State of New Hampshire and the State of Massachusetts to a State claim of liability naming the following defendant as the responsible persons Jane Perlov, Michael T. Maloney, Acting Commissioner of NH Edda Cantor, Michael J Cunningham, Gregory Crompton, Denise Healt, Lori A Cresey, Ernest J Therien, Stephen Kennedy, William Faria, Dale Bissonnette, Mark Powers, Scott Callander, John Doe — Badge Number 1454, Bill Viosher, Captain Jones, Kenneth Roussel, Limeia Perry, Jame Bennder, Gerald Raduzzo, and inmate defendant Thomas McIntyre.

This section contains D — Reports that staff issued then dismissed the actions of these issues but this **Mop Bucket, the Mop ringer, the Broom and the Mop were left unsupervised intentionally after several complaints were filed.** The plaintiff states on **page 24** in this complaint States law and the facts to this Claim of State Liability naming both State as responsible parties to these concerned issues.

# " J U R I S D I C T I O N "

( A )  The Court has jurisdiction over the plaintiff's claims Violations of Federal Constitutional rights under 28 USC § § 1331 and 1343 (a) (3).

( B )  The Court has supplemental jurisdiction over the plaintiff's State law tort Claims under 28 USC § 1367.

## " MASSACHUSETTS GENERAL LAWS "

( C )  Massachusetts  tort claims Act. c. 258

( D )  Massachusetts chapter 249 § 4 ( action in the nature of certiorari )

( E )  M.G.L.A. Chapter 125 App. § 2-1 INTERSTATE CORRECTIONS COMPACT

( F )  Massachusetts Chapter 127

This Civil Action also state " Parties " of the State of New Hampshire which were part of this " State Claims of State Libility  and are responsible for this issue!

## " PARTIES "

( G )  The plaintiff Anthony LaFauci is incarcerated as a transferred interstate corrections inmate to the State of Connecticut his address is 900. Highland AVENUE, Cheshire, Connecticut 06410

( H )  The defendant Michael J. Cunningham was the New Hampshire State Prison warden and was responsible for this transfer to Massachusetts his address Po.Box 14, Concord, New Hampshire 03301 he is being sued in this individual and official capacities.

( I )  The defendant Edda Cantor, and was the Acting Commissioner of the New Hampshire State Prison and is responsible for this transfer to the State of Massachusetts she is being sued in her individual and official capacities, her address is DOC Po. Box 1806, Concord, New Hampshire 03302-1806

- 1 -

( J ) The defendant Thomas McIniyer, is an inmate at Cedar-Junction and has an

    address of Po Box 100, 2450 Main Street, South Massachusetts 02071-0100 an

    on December 19, 1999 he assaulted this plaintiff by the means of a weapon,

    stabbing the plaintiff several times in his head then to the plaintiff;s

    chest area he is being sued in his individual capacities.


( K ) The defendant David King is an inmate incarcerated at Cedar-Junction Walpole,

    Po Box 100, 2450 Main Street, South Walpole, Massachusetts 0271 - 0100 and on

    December 01, 1999 he assaulted this plaintiff while this plaintiff was on

    crutches, he was told by another inmate that he would receive ( 2 ) Full bags

    of Coffee which he did strike this plaintiff with several correctional officers

    standing there watching he is being sued in his individual capacities.


( L ) The above two defendants are inmates at the State of Massachusetts Department

    of Corrections and are not under the color of law at any time during this

    Complaint they ( J )&( K ) both were living in the Max End of the Modular Unit.


( M ) The defendant Lori Cresey is an administrator of the New England  Interstate

    department of corrections Compact as this agent an her address is Po. Box

    188 c/o Correctional Industries, Norfolk, Massachusetts 02056 and she is being

    sued in her individual and official capacities.


( N ) The defendant Greggore Crompton is head of the New Hampshire Classification

    and he is the person responsible for this transfer to the State of

    Massachusetts his address is Po Box 14, Concord, New Hampshire 03301

    he is being sued in his individual and official.


( 1 ) The defendant Denise M Heath is the administrator of the New England Interstate

    Corrections Compact as this agent and she is responsible for all the plaintiff

transfer issues for the State of New Hampshire an she is located at Po.

769 Concord, New Hampshire 03302 - 0769 and she is being sued in her individ-

ual and official capacities.


(2) The defendant John Doe-1 was working at Cedar-Junction Walpole And his address

Po. Box 100, 2450 Main Street, South Walpole, Massachusetts 02071 - 0100 on

August 19, 1999 he and officer Wayne Travies had assaulted this plaintiff

in the Sally port area and also deprived and denied the plaintiff medical

attention he is being sued in his individual an official capacities.


(3) The defendant Bill Vosher, is a correctional officer at Cedar - Junction

Walpole his address is Po. Box 100, 2450 Main Street South Walpole, Mass-

achusetts 02071 - 0100 on December 19, 1999 he watched two correctional

officers assault the plaintiff he is being sue in his individual and official

capacities.


(4) The defendant Peter Pepe Jr. is the superintendent at Cedar - Junction Walpole

and his address is PO. Box 100, 2450 Main Street, South Walpole. He is responsible

for all inmates disciplinary appeals and directly over sees the entire population

and staff at this instition. He is being sued in his individual and his official

capacities.


(5) The defendant Mark J Powers is the Deputy Sup erintendent at Cedar - Junction

Walpole his address is PO. Box 100, 2450 Main street South Walpole 02071-0100

and he is resposible for classification and placing inmate in units  and also

holes inmates in segregation at 10 Block He is being sued in his individual and

his official capacities.


- 3 -

(6) The defendant Peter Allen is head of Operations as a director and his address is PO Box 100, 2450 Main Street South Walpole, Massachusetts 02071- 0100 and he is to fill in were they are short correctional staff or when some ones out of there office He is being sued in his individual and his official capacities.

(7) The defendant Stephen Kennedy, is a Sergeant at Cedar - Junction Walpole his address is PO. Box 100, 2450 Main Street, South Walpole, 02071 -0100 and he is to be a special investigater on issues and he is being sued in his official and his individual . capacities.

(8) The defendant Ernest J Therien is to be a disciplinary hearings officer at Cedar-Junction Walpole and his adress is PO. Box 100, 2450 Main Street South Walpole, Massachusettes 02071 - 0100 and he is to be responsible to investergate all the D - Report and the evidence that is to be submitted to any plaintiff in issues he is being sued in his individual and his official capacities.

(9) The defendant Scott Callander is a correctional officer at units in Walpole and his address is PO. Box 100, 2450 Main Street South Walpole, Massachusetts 02071 0100 and he is to respond to all incedences at any time he is being sued in his individual and his official capacities.

(10) The defendant William Faria,  is a correctional officer and also a hearings judge and is responsible for reviewing inmates disiplinary and to run a fair hearing he has an address of PO. BOx 100, 2450 Main Street South Walpole Massachusetts 02071 - 0100 and he is being sued in his individual and his official capacities.

(11) The defendant Limeia Perry, is a correctional hearing officer and has an address

- 4 -

of Po. Box 100, 2450 Main Street, South Walpole, Massachusetts 02071 - 0100

and is responsible for reviewing inmates disciplinary reports and running a

fair and proper disciplinary hearing she is being sued in her individual and

capacity

(12) The defendant Dale Bissonnett was the Unit Manager of Cedar-Junction Walpole

the Modular Unit and had an address of Po. Box 100, 2450 Main street South

Walpole, Massachusetts 02071 - 0100 and she was responsible for all inmates

housed in this Unit of segregation she is being Sued in her individual and

official  capacity

(13) The defendant Wayne Travice, is a correctional officer at Ceder-Junction

Walpole and on August 19, 1999 he was a signed to his Modular segregation

his address is Po. Box 100,  2450 Main Street, South Walpole, Massachusetts

02071 - 0100 and he is being sued in his individual and official capacity.

(14) The defendant Michael T. Maloney, is the Massachusetts DOC. Commissioner

and has an address of 50 Maple Street, Suite 3, Milford, Massachusetts he is

responsible for placing inmates in Massachusetts Institutions and is a head

of all correctional officers, he is being sued in his individual and official

capacity.

(15) The defendant John Marshall Jr. was the Superintendent of Ceder-Junction

Walpole, and was responsible for all investigations and any disciplinary

Hearings and is to review these matters he now has moved to Souza-Baranowski

Correctional Center Po. Box 8000 Shirley, Massachusetts 01464 he is being sued

in his individual and official capacity

(16) The defendant Frances McKinnon, was a property Sergeant at Ceder-Junction Walpole on August 19, 1999 she was a signed to the Modular segregation Unit and she removed my sneakers, then demanded my crutches she is being sued in her individual and official capacity.

(17) The defendant Charlie Kenney, is a Sergeant and on August 19, 1999 he was a signed to the Modular Unit to help in moving inmates to the yard out side he is being sued in his individual and official capacity.

(18) The defendant Jane Perlov, is and holds the office of The Commonwealth of Massachusetts Executive office of Public Safety at One Ashburton Place, Boston, Massachusetts 02108 she is being Sued in her individual and official Capacity.

(19) The defendant Gerrald Raduzzo, was a correctional officer whom was a signed to a Unit on 2/17/2000 he harassed, abused,mistreated and physically cause harm having placed the plaintiff into segregation needlessly for his actions he is being sued in his individual and official capacity.

(20) The defendant John Doe is a correctional officer and has a badge number of 1454 on December 19, 1999 he assaulted this plaintiff after I was stabbed and placed into handcuffs he works in Ceder-Junction Walpole Po. Box 100 2450 Main Street, South Walpole 02071 - 0100 he is being sue in his individual and official capacity.

(21) All the above are defendants and have acted and continued to act under color of law at all times relevant to this complaint.

## STATEMENTS OF FACTS INCIDENTS AND RETALIATION

### INCIDENT ONE

The plaintiff was transferred to Cedar-Junction Walpole. Mass-
achusetts on or about April 1999 from MCI Norfolk because of
a retaliation from correctional staff of filing a law suit a
gainst individuals.

22) The plaintiff was placed into Cedar-Junction and was place into HSU
because this plaintiff did use two crutches to walk after being locked
several days he was moved into the Max end of segregtion which was this
Modular Unit.

23) The plaintiff was placed first in cell #108 which he was locked in a
few days at this Unit then was let out 1½ hours ever day on the 3rd day
was a full 24 hour lock up the plaintiff after about a months time the
plaintiff was moved to cell#118.

24) The plaintiff on the afternoon of August 19 1999 was in this cell #118
and still was on crutches  two correctional officer came to this cell
door defendant Wayne Travies, and John Doe-1 at this time defendant Travies,
told this plaintiff to remove all of his clothing for a strip search and
hand him out all the clothing through the food slot.

25) The plaintiff did as he was requested by this defendant Wayne Travies, and
on completion of this strip search the cell door of #118 was then ordered
to be open, the plaintiff was then escorted by both defendants to the front

section of this segregation Modular Unit near the Phone area was this
Sergeant Frances McKinnon, whom was the property officer of Cedar-
Junction Walpole.

26) The plaintiff was told by this defendant Frances Mckinnon, to remove his
sneakers so that she can put them through this x-ray machine, the plain-
tiff then went to the stairway and sat down on these steps removing these
pair of sneakers, handing them to this defendant.

27) The plaintiff after handing this defendant his sneakers was then told by
defendant Frances McKinnon, to give her the plaintiff's crutches as
she pulled them from this plaintiff he commented " maybe there is gold
in the wood."

28) The plaintiff was then given back his sneakers, the defendant Frances
McKinnon, had thrown this crutch to the plaintiff in a very unproffesional
manner as the plaintiff was the n escorted out by defendants Wayne Travice
and John Doe-1 this plaintiff commented your throw is as ugly asyou look
and every started to laugh.

29) The plaintiff now in this sally port area an unknown correctional officer
went in front of this plaintiff saying what did you say to defendant
Frances McKinnon, as this was said the defendant Wayne Travice, hit this
plaintiff in his left shoulder knocking the plaintiff to the floor.

30) The plaintiff at this time hit his face left side, his left wrist, left
elbow, left shoulder, his left knee and was in serious pain, then this
defendant Wayne Travies grabbed the plaintiff by his arms picking the

plaintiff to to his knees.

31) The defendant Wayne Travies then took this plaintiff into the right wall slamming the plaintiff's head, face into the wall causing pain and injuries to this plaintiff in a cruel an unusual punishment of behavior by this correctional officer.

32) The defendant Wayne Travies, then took the plaintiff by this left arm as This defendant dragged the plaintiff on the floor out the doorway of this sally port into the main hallway by the Unit managers office, at this point defendant Charlie Kenny, then began to yelling at the defendant Wayne Travies, " saying what's a matter with you pick the guy up don't drag him like that."

33) The defendant Wayne Travies, then had stopped at hearing this defendant Charlie Kenney, yell, as this defendant went back into the Sally port the plaintiff requested for medical attention but was denied intentionally by Wayne Travies and John Doe-1 .

34) The defendant Wayne Travies took the plaintiff by his hands while defendant John Doe-1 took the plaintiff's feet lifting the plaintiff up in a hammock fasion as the plaintiff now in extreme pain of a nature of torture done intentionally.

35) The plaintiff asked a number of times for medical attention but was ignored and deprived by this defendant Wayne Travies as he and John Doe-1 continued to carry the plaintiff into the hallway out into the out side yard though the doorways.

- 9 -

36) The plaintiff was taken into the main yard and put onto the hot top
    ground " HOT " this hot top was burning " HOT " the out door tempicher
    was over 90° and it was hot as these to defendants Wayne Travies and
    John Doe-1 were leaving the plaintiff requested again for medical care
    but they both just walked back into the doorways denying this request.

37) The plaintiff was left in this " HOT " Sun for over three an a ½ hours
    it was now 2nd shift at about ( 5 ) five Pm or about several officers
    came into this yard and every one was taken back inside to there cells
    the plaintiff was given his crutches and at this time he requested medical
    attention.

38) The plaintiff was told he would receive medical attention latter on as
    the plaintiff now was in the hallway the defendant Unit Manager Dale
    Bissiontte, was by the office door way and this plaintiff again requested
    medical attention but she ignored the plaintiff at this issue.

39) The plaintiff then stated of his black eye as he was then escorted back
    to the Segregation Modular Unit cell #118 and did state to the defendant
    Dale Bissonette he was going to take this matter to court and charge
    criminal issues.

40) The plaintiff was now entering his cell and requested medical treatment
    to this 2nd shift officer and was told that he would see medical latter
    on as the cell door was closed the plaintiff did use wet cold teeshirts
    for his left eye which now was very sore black and blue.

41) The plaintiff's left wrist was swollen and his elbow, his shoulder he

- 10 -

could not move it, the plaintiff requested a number of times to be taken
to this medical department but this just did not happen on this date
August 19, 1999.

42) The plaintiff did fall a sleep and the next day August 20, 1999 the plain-
tiff requested again for medical attention several times but was just
ignored by the correctional staff and in the late afternoon time Unit
Manager defendant Dale Bissonnette entered the Modular Unit doing her
daily rounds

43) The dendant Dale Bissonette, walked to each cell and as she came to cell
#118 the plaintiff again asked her for medical attention and she was then
shown these black and blues on this plaintiff, she then stated to put a
slip into the Medical box as she walked away.

44) The plaintiff did place a medical slip into this box on August 20, 1999,
on this day defendant Sergeant Charles Kenney was in charge of this Unit
and he did call this medical department several times but no one called
this plaintiff back.

45) The plaintiff did place another request slip into this box dated August 21,
1999 Saturday night and the plaintiff made several copies of this request
to medical and also stated of the issues at the top of this note of being
refused any kinds of treatments

46) The next day August 22, 1999 at 10:40 Am Sunday the plaintiff was called
to the medical department and was seen by a nurse she did not know any
she was just taken notes and could not give any kinds of medications to

this plaintiff, but she was going to leave a note for the doctor
when he comes on Monday morning as this plaintiff then left.

47) The next morning August 23, 1999 the plaintiff was called to this
medical department and was seen by MD Khan he wrote a medical report
and did order x rays and Motrin the plaintiff went back to this Unit
but could not move his arm but because of these crutches there was
little that could be done at this time.

48) On the late afternoon August 24, 1999 x-rays were taken of the plain-
tiff's left wrist and his elbow but there was no such follow up and
the plaintiff's shoulder was now black and blue in serious pain on
September 1, 1999 the plaintiff seen nurse Practision and she ordered
x-rays of the plaintiff's left shoulder there was medication ordered.

49) The plaintiff on September 02, 1999 was call for x-rays of this left
shoulder and he was call back to this medical and told it was mild
narrowing of the left shoulder left side to place hot cloths on this.

50) The plaintiff did send a complaint to the defendant John Marshall Jr.
about this assault that was done by this correctional officer,
but the plaintiff was then told they did an investigation and there
was no such findings just blowing off this concerned issue an cover-
ing up by correctional staff.

51) The plaintiff also sent a letter of being denied this medical attention
to defendant John Marshall, and on September 13, the plaintiff did
receive a paper but it now was issued to defendant Mark Powers for his

review which he did indicate that the plaintiff was visually inspected
of these injuries at this plaintiff's cell

52) The plaintiff states at no such time did this plaintiff see any nurse
at his cell or at any time there is no such report of this medical staff
on file by this department, the only thing on file are this plaintiff's
medical request and the doctors reports, x-ray report.

53) The plaintiff states in further the defendant Mark Powers, stated in a
Black & White letter that the institution Cedar-Junction was locked down
and there was no medical staff working this is a very serious issue and
a Medical deliberate indifference Violation, the date of this paper issued
is September 13, 1999 there is also another hand written letter by the
administrator of this Medical department David Stringham, date issued on
September 16, 1999 stating the true facts.

54) The plaintiff did file this assault as a criminal complaint matter in the
Wrentham District Court at Massachusetts and was sent paperwork back by
this Court the defendants Wayne Travies and Dale Bissonnette were both
named in this Court complaint and the hearing was set for January 13,
2000 on Video Court.

55) The plaintiff when he received a notice he also received all his Medical
notes and did issue this Court a copy placed in several envelopes to this
Courts attention at this time the plaintiff issue a Motion asking the Court
to call several inmates as witnesses whom seen this correctional officer
Defendant Wayne Travies, and John Doe-1 put this plaintiff in this out
side yard on this ground, also not giving medical attention.

56) The plaintiff had also sent these request in individual envelopes to this Courts attention addressed to the Magistrate Clerk days prior to the hearing on January 13, 2000 on Video this Clerk stated he never receive such copies of the medical notes, of a Motion to call any kinds of witnesses for this hearing.

57) The plaintiff did have his copies with him and did place these on this Video transfer machine but this Magistrate Clerk intentionally deprived the plaintiff this evidence which was proff of this assault an a denial of Medical Care stating on the records of black & blues x-ray reports and this letter from defendant Mark Powers explaining the Prison was shut down.

58) The plaintiff also was to have and attorney and this attorney did call on the Phone saying that he would be about 15 minutes late because of the snow storm this Clerk did intentionally lie to the plaintiff stating he received a Phone call from the plaintiff's attorney stating he was not coming to this hearing.

59) On this date January 13, 2000 the attorney did show and had words between this Magistrate Clerk, This Clerk intentionally deprived a fair hearing to the plaintiff then denied the hearing Dismissing any kinds of complaint noted defendant Wayne Travise did not show at this hearing just defendant Dale Bissionette and her attorney.

60) The plaintiff did appeal this Magistrate order and he from this Court issued a notice The Court respectfully declines to conduct a rehearing

of this matter in the absence of showing of an exhaustion of a grievance

pursuant to G.L.c. § § 38 E and 38 H but this matter is an assault issue

of a criminal assault crime done by this defendant Wayne Travies.

### INCIDENT TWO AS THIS RETALIATION CONTINUED

### 103 CMR 505.00 USE OF FORCE

61) The plaintiff now on December 01, 1999 was out on tier time of one and a $\frac{1}{2}$

hours per day every two days a 24 hour lock up as per segregation Unit which the

plaintiff had no such crime nor a D - Report to be housed in such confinement

at this kinds of facility.

62) The plaintiff on this date was at cell 104 speaking with inmate Howard B Brown.

whom is also locked in his cell 24 hours a day he is allowed to have ( 3 )

three showers per week at a ( P C ) status in which the plaintiff was friends

with this inmate.

63) The plaintiff at about 1:30 Pm while in front of cell# 104 was called by the

defendant David King #w51507 he stated that inmate wayne, at cell # 109 at the

end of the room want to speak to this plaintiff he state wayne was friends with

an inmate from the State of New Hampshire who's name is in Civil Action 99-597-B

and who was also placed into this Unit.

64) The plaintiff said to this defendant that he would see him after which the

defendant King, then went to his cell#126 the plaintiff after about a few minutes

said to inmate Brown he was going to see what wayne had wanted and the plain-

tiff would be back as he then pick up his crutches and went to cell #109.

65) The plaintiff now in front of cell# 109 and speaking with Wayne, this
   plaintiff had placed the crutches down to the floor and was kneeling
   on his right knee when from behind out of no were the plaintiff was hit
   into the door, hitting his face, head and eye on this cell door of #109.

66) The plaintiff was repeatedly kicked and now down noted this person was
   defendant David King, # W51507 whom was responsible for this assault
   with kicks and blows, now he was using his fist hitting the plaintiff
   in his neck, back, side, head and face.

67) The plaintiff was physically assaulted by defendant David King, and
   at this issue both correctional officers Donald Crowly, and Co. Kenneth,
   watched this issue and did fail to stop or intervene knowing this plain-
   was on crutches in this involvement.

68) The plaintiff now on this floor noted the mop and mopwringer which this
   defendant David King was moving toward, this mop bucket, in fearing
   he was going to get this mop wringer, this plaintiff then had to do some
   thing to defend him self.

69) The plaintiff in defence took this defendant David King, # W51507 whom
   did have totally advantage over this plaintiff in standing over six feet
   tall and out weighs the plaintiff and appears to have to good legs and
   arms on the other hand the plaintiff has a physical issue with his hips,
   knees and back whom is on crutches.

70) The plaintiff now knowing both these correctional officers were not going

to help this plaintiff, the plaintiff then grabbed on to the defendants
David Kings ankles and did manage to take him down to the floor where
this plaintiff did defended him self from any more further harm and rest-
rainted this defendant David King.

71) The plaintiff now taken full control of this issue had subdued this
attacker, defendant David King stopping him from using weapons as this
mop bucket or mop wringer which he would have used and had caused serious
injuries of more damage of bodily harm to the plaintiff.

72) The plaintiff at this point, a number of correctional officers had entered
this  segregation Modular Unit and did state that this was over as the
plaintiff then crawled back to his crutches two correctional officers
then had hand cuffed this plaintiff.

73) The plaintiff was handcuffed behind his back then these two officers dragged
the plaintiff on his back side across the floor out into the Sally port
area about 120 feet at this time the plaintiff did request to the officers
to take off the hand cuff but the plaintiff was told no one had a key.

74) The plaintiff was suffering in pain from these cuffs that were on so
tight this was use of excessive force and under 103 CMR 505  by the
Massachusetts correctional department staff use of force was done
intentionally by correctional officers at this institution.

75) The plaintiff was taken to the medical department then back to his cell #118 were he was locked in confinement on ( AA Status ) 24 hours a day not to come of this cell and the plaintiff was issued a D - Report for fighting D - Report 99 - 2229.

76) The plaintiff did send a complaint notice of a typed out letter and a request slip to the attention of the Superintendent defendant Peter Pepe about being issues this D - Report by this correctional officer which this clearly stated the plaintiff was assaulted this was issue by Donald Crowly and it explained of how the plaintiff was assaulted by defendant David King.

77) The plaintiff did submit and explain in this Typed out letter and was attached to a request slip as a grievance the issue was the use of force that was done by correctional staff after this assault was done under 103 CMR 505.

78) The plaintiff did explained of the cuff's that were placed on and how he requested the staff to unlossen  these cuff's the plaintiff also had explained about this mop bucket and how it could have caused harm if it were used as a " weapon " and by leaving this out someone  was going to get badly hurt but this issue was ignored.

79) The plaintiff was issued a letter from the defendant Peter Pepe Jr. he and stated the plaintiff should go to this hearing and then appeal this D - Report to his attention  the D - Report was dismissed and the plain- tiff was releast out of this lock up.

## INCIDENT THREE AS THIS RETALIATION CONTINUES

THIS SECTION CONTAINS TWO D - REPORTS THAT WERE GIVEN TO THE PLAINTIFF
AND WERE FALSE MISLEADING THE DEFENDANT STEPHEN KENNEDY INTENTIONALLY DEPRIVED
AND DENIED THE PLAINTIFF A FAIR AND PROPER HEARING DENYING EVIDENCE AND CONTROLLING
THIS HEARINGS OFFICER WHO WAS APOINTED CORRECTIONAL OFFICER.

80) The plaintiff on or about November 29, 1999 had his legal work stolen,
   a civil right action book and some paperwork by an inmate who is paid
   by this State as the department of corrections called a runner in this
   Modular Unit on December 01, 1999 this legal work was returned with a
   small note stating about this assault issue and how defendant David king
   was paid two full bags of coffee.

81) The plaintiff on December 7, 1999 was called to the Medical department
   and was seen by Mental Health and the plaintiff was then confronted about
   a letter that was to be written which was issued to the State of New
   Hampshire defendant Michael J Cunningham, in which this was not the
   plaintiff's hand writing.

82) The plaintiff was shown this letter and was told by this official from
   Mental Health that they already went though the plaintiff's submitted
   medical notes and all the plaintiff's request slips that were on file
   which there was no such match in any of the hand writing he stated but
   he said he had to speak to this plaintiff in the nature of this letter.

83) The plaintiff did request a copy of this submitted note and was told
   to submit a request slip to defendant Mark Powers but as far as he was
   concerned this matter an issue was over and closed by this department
   the plaintiff then went back to this Modular unit.

- 19 -

84) The plaintiff on Friday December 10, 1999 after court time received a D Report 99 - 2283 date 12/ 07/99 and issued by defendant Stephen Kennedy in which this correctional officer did accuse the plaintiff for writing this letter to defendant Michael J Cunningham, in fractions as follows  # 2 # 17 # 18 # 19 # 33.

85) The plaintiff then sent a letter to the medical department requesting the person of official of Mental Health, his name who had cleared the plaintiff prior to this D - Report this person did review the plaintiff's medical notes and also went through all the plaintiff's records this request was now unanswered by this department.

86) The plaintiff issued an submitted a request slip to defendant Sergeant Ernest J Therien, requesting copies of the submitted letter, a letter that was submitted to defendant Dale Bissonnette, the envelope that was used to perform hand writing analysis, the seal of this envelope for D N A  evidence, on December 13,1999 all but a copy of this letter was denied to the plaintiff.

87) The plaintiff also requested to call several witnesses as inmate Michael Caputo, and James Baily  but these witnesses were also denied to be called this hearing was held on December 29, 1999 and during this hearing the defendant Stephen Kennedy, made a statement after the plaintiff said he was going to take this matter to a real Court.

88) The defendant Stephen Kennedy then stated at this hearing that this letter at the bottom was written by his secretary which was not an original copy that was produced as evidence to this plaintiff by defendant Ernest J Therien, which they accused this plaintiff and intentionally denied hand writing analysis

- 20 -

89) The defendant Stephen Kennedy also had a paper that he stated the plain-
tiff sent to the Superintendent defendant Peter Pepe Jr. the paper was a
page that was torn out of the stolen legal work, a Civil Action 99 - 253 - M
as he then showed this page demanding that this plaintiff had wrote it.

90) The plaintiff was not given a copy of this prior to this hearing, this defendant
Stephen Kennedy then handed this page to the hearings officer defendant
Limeia Perry, at receiving this she then stated " I find the plaintiff
Guilty of sending and writing this letter that was mailed to defendant
Michael J Cunningham, of the New Hampshire State Prison.

91) The plaintiff had then stated he will file this issue into a real Court
of Law, now it was time to leave this hearing and this plaintiff was then
exiting this hearing the defendant Stephen Kennedy, as the plaintiff now
on the stair way said he will file this D - Report 99 2283 to the attention
of the Courts because this was a retaliation and it's nature of the way
the plaintiff was denied two witnesses depriving evidence was intentionally
done by this Massachusetts department of corrections.

92) The plaintiff was retaliated because he had filed a Civil Action prior to
this issue in the Norfolk County Superior Court naming ten defendants
Action No. 99 - 01904, the plaintiff was also denied to have this hearing
Tape recorded or Video Taped.

93) The plaintiff now almost to the top stairway door the defendant Stephen Kennedy
made a few comments at this the plaintiff said the matter will go to court
the top door then opened the defendant then called to a few Ips. and told
them to escort this plaintiff to his cell at the Modual Unit cell #118 at this
time this plaintiff was place on ( A A status ).

-21-

94) The defendant Stephen Kennedy had issued another D - Report  99-2386 with the

    same kinds of infractions #1 #2 #8 #19  this was a retaliation done he knew

    he  was wrong by his secretary printing the bottom part  of this letter and

    then  stating it was an original evidents, he also intentionally  had this

    plaintiff  locked at 24 hours  per day  right through  the New Year.

95) The plaintiff had appealed this D -report 99 2283  as he explained about this

    issue  to the Superintendent  defendant Peter Pepe said to mail this to  him

    the plaintiff then placed  this appeal into  a sealed  envelope  " **MARKED**

    **STRICTLY  CONFIDENTIAL** " this envelope  was opened  by defendant  Peter Allen,

    whom was already a named defendant in Civil Action 99 01904 which he is

    impartiality  to  answer  or make such issue  and is out of line.

96) The plaintiff did challenge this  defendant  Peter Allen, ( **Report  stating**

    **NO** " **MERT** "! this was issued by this defendant, the  plaintiff then  sent a

    letter with another  appeal to Superintendent defendant  Peter Pepe Jr. because

    this was  a 100% retaliation done by this named defendant.

97) The  defendant  Peter  Pepe had  issued a notice  stating  he was off on the

    day this appeal was issued  to him this was  why  the defendant Peter Allen,

    had  applied . an answer  remarks to this appeal  and he was not going to

    change this  issue.

98) The plaintiff on D - report  99 2386 was called  to this  hearing  and the

    hearing  officer now was named  defendant William Faria, whom was also named

    in  Civil Action  99 01904 before  this hearing the plaintiff stated this

    issue and also said that he is challenging his  impartiality  in turn he called

    to defendant  sergeant Ernest J Therien, on the phone  and stated this issue.

99) The defendant Sergeant Ernest J. Therien, was called by defendant William Faria, after the plaintiff had complainted and stated of this hearings officers impartiality do to being a named defendant in civil action 99 - 1904, but Mr Therien, supposedly stated this status would not have any kinds of effect even though he is a named defendant as the objection by this plaintiff.

100) The defendant William Faria, stated to the plaintiff he is the hearings officer and that this plaintiff can not make any such objection in this kind of status, as this hearing was then held the defendant Stephen Kennedy had intentionally issued this false trumped up D - Report as this retaliation had continued.

101) The defendant Michael J Cunningham, had sent this falsely written letter accusing this plaintiff which defendant Stephen Kennedy used and accused the plaintiff as the plaintiff stated of his rights and would take this issue to a real Court of law in this kinds of retaliation he Stephen Kennedy had issued this trumped up D - Report

102) The plaintiff explained in full to defendant William Faria, the hearings officer for this issue were intentional rights of the plaintiff constitution of the due process were violated, the plaintiff was still found guilty.

103) The plaintiff had appealed this D- Report to defendant Peter Pepe Jr and was answered stating this appeal is denied " No Merts " even if an inmate is 100% in the right there is no such fair justice in any disciplinary action by Prison officials at this institution Cedar-Junction Walpole as this retaliation had continued.

104) The plaintiff had issued complaints to the attention of the Commissioner defendant Michael T. Maloney, but these would be ignored also letters as were issued to Jane Perlov, the Commonwealth Exccutive office of Public Safety and also she did

not answer, but the Deputy Commissioner James Bennder, an answer stating that the
supperintendent was investigating these allegations see attached to back paperwork.

    " INCIDENT FOUR AS THIS RETALIATION HAD CONTINUED "

    This section under the Eighth Amendment the State of Massachusetts and the State
of New Hampshire are held to a State Claim of Liability naming Massachusetts
department of Public Safety Jane Perlov, Department of Corrections Michael T. Maloney,
The Interstate Department of Corrections N H. Denise Heath  and of Ma. Lori A Cresey,
Also the State of New Hampshire Commissioner Acting Edda Cantor, warden Michael J
Cunningham, and Gregory Crompton, who had changed the plaintiff's records issued to
Massachusetts.

    The States were obligated to provide and protect any and all inmates from any
kinds of violence and failure to provide such kinds of protection constitutes State
Action and subject the State of New Hampshire and the State of Massachusetts to a
claim of Liability.

    In support of this view is provided by decisions of the Court holding the States
responsibility to provide inmates with proper medical care as well as other minimal
Civilized measures of life necessities  Estella – V Gamble 429 US 97  Rhodes – V –
Chapmon 452 US 337 – 347 ( 1981 )  Farmer – V – Brennan 114 S.Ct 1970, 1977 ( 1994 )
Wilson – V – Seiter  501 US 294, 298 – 300  111 S.Ct. 2312, 2324 ( 1991 )  Holding
the State of Massachusetts and the State of New Hampshire obligated to provide
prisoner's with life necessities.

    The plaintiff states in Compliance with 42 USC § 1997e(a) Prison Litigation
Reform Act of exhaustion of administrative remedies. Letters, request slips and
grievance's have been submitted to both States to Prison Officials in compliance with
this Reform Act of 1995   See paperwork attached to the back complaint.

105) The plaintiff after filing a number of issued complaints in letters, request

slips and grievance forms to the attention of the defendants Dale Bissonitte,

Mark powers, Peter Pepe Jr. James Bennder, Michael T. Maloney, Jane Perov, Michael

J Cunningham, Gregory Crompton, Edda Cantor and both of the New England correctional

interstate compact Denise Heath and Lori A Crest, about being placed into a level 6

and assaulted by staff and inmates as this **Retaliation had continued**.


106) The plaintiff also complained about leaving this Mop Bucket with the Mop

ringer, the Mop and the Broom unsupervised out on this Modular Unit which this

complaint was issuedto Unit Manager defendants Mark Powers, and to Peter Pepe Jr.

on December 3, 1999 but was intentionally ignored.


107)The plaintiff on the morning of December 19, 1999 at approximately 9:20 AM

Sunday was utilizing his time speaking to his sister on the phone, when out of no

where, defendant inmate Thomas McIntyre went behind the plaintiff and had struck

the plaintiff several times with the steal end of this solid end of the Mop.


108)The plaintiff after being struck on the head which caused an infliction of

pain and suffering tried to move away from this defendant Thomas McIntyre, into

the front main desk where two correctionalofficersseated as the plaintiff turned

this defendant brutally hitting, stabbing the plaintiff on the left side of his

chest several times.


109)The plaintiff now fell back over this officers legs that were on top of this

front desk and fell to the concrete floor behind this desk, the two officers

then had subdued this attacker defendant Thomas McIntyre, at this time several

other correctional officers had entered this unit and at full laughter while this

officer defendant John Doe – (**Badge No. 1454** ) had pulled the plaintiff by his

left arm dragging me from behind this desk, to the front side of this canteen Mail box.

110) The defendant John Doe – ( **Badge No. 1454** ) had caused pain and suffering to the plaintiff he then pulled the plaintiff arms behind the plaintiff's back placing handcuff's and leg shackles to my ankles which he knew the plaintiff was on crutches.

111) The defendant John Doe – ( **Badge No. 1454** ) then  dragged the plaintiff across the floor into the Sally-Port area, to the left side wall under the office window, at this time he had intentionally placed his foot  onto the plaintiff's left side of his face causing pain and suffering at this time defendant Scott Callander, had entered this Sally-Port area.

112) Defendant Scott Callander, had gotten on to his knee's grabbing the plaintiff's head with his hands then began to head butting this plaintiff  several times causing and infliction of intentional pain and suffering as this **Retaliation** **had** **continued**.

113) The defendant Bill Viosher, was in the Control Unit office window just above the plaintiff observing this physical assault done by  both  officers John Doe – ( **Badge No. 1454** ) and defendant Scott  Callander as he though it was such a laughter and had failed to intervene to prevent this misuse of force violating **103** **CMR** **505.07**

114) The Commonwealth of Massachusetts Department of Corrections **103** **CMR** **505.07** **USE** **OF** **FORCE** was intentionally violated by these correctional officers John Doe – ( **Badge No. 1454** )  officer Scott Callander, and officer  Bill Viosher, were this plaintiff was physically assaulted by these officers.

115) The plaintiff was then picked up off this Sally-Port Concrete floor and place

– 26 –

into a wheel chair then escorted to the medical Unit where out in this hall way a
Captain came over and this plaintiff had pointed out John Doe- ( **Badge No. 1454** )
and had explained of this assault that was done to him by this officer and officer
Scott Callander, in the Sally-Port area.

116) The plaintiff was now taken into the Medical Unit John Doe - ( **Badge No.1454** )
also entered this unit the nurse asked him to uncuff the plaintiff and he ignored
her request this nurse then had end up telling this John Doe, to get the F**k out
of this Medical Unit and he had caused serious issues.

117) The plaintiff now was checked all over and they then took the plaintiff's
shirt off and found on the plaintiff's right side of his chest **two** **stab** **wounds** **marks**
which were cleaned out and a tetantus shot was ordered.

118) The plaintiff that night had bad Chest pain and these stab wounds did get
infected which a doctor was notified several days after this issue now on the morn-
ing of  December 23,1999 on the way to this medical Unit defendant Scott Callander,
had harassed and abused this plaintiff in this hall way, this was reported to
the Medical Seargent.

119) The plaintiff did not know the name of this officer  originally he was his
officer whom had cause issues on August 19,1999 in the Sally-Port, now the plaintiff
went back to the Modular Unit and he was issued a false misleading D - **Report 99-**
**2358**  stating that this plaintiff went to his Unit grill in another Housing Unit
and state the plaintiff called him names which was false.

120) The plaintiff would at no time had know this officers name if he  did not make

such kinds of false misleading reports accusing the plaintiff of this kind of
nature of harassment and abusive remarks at issue.


121) The plaintiff had requested to call witnesses for this hearing a Captain Jones,
and Sergeant Kenny Roussel, prior to the issuing of this D - Report that was held
on January 12, 2000.


122) The hearings officer defendant Limeia Perry, whom was also involved into a
prior D - Report with defendant Stephen Kennedy, and now a signed to this hearing
clearly demonstrated a conflict of interest between prison officials in this
cover-up.


123) On January 12, 2000 while going to this hearing the defendant Scott Callander,
was walking behinded the plaintiff just prior to this hearing which he tried to
intimidate the plaintiff by stamping his feet on the stairway in a loud manner
harassing with verbal remarks as this retaliation had continued.


124) The plaintiff at this hearing was denied to have or to use these two correct-
ional officers by this defendant Limeia Perry, stating that failure to provide
expected testimony and Captain Jones was irrelevant she stated also denied to have
this hearing taped recorded stating no provisions made under 103 CMR 430.12:3


125) The plaintiff had explained at the hearing about defendant Scott Callander,
prior to the issue going to the Medical Unit, on how this officer was in the hall
way infront of the plaintiff and made several verbal remarks calling this plaintiff
over to the Orientation Unit where a number of other officers were standing in
front of this door way.

- 28 -

126) The plaintiff did not at any time go to this Unit which this officer was originally standing infront of this Orientation Unit during this time and knowing this plaintiff's full name because he was this officer that was involved on August 19, 1999 in the Sally-Port area and on December 19, 1999 whom had head butted the plaintiff with misuse of force as an assault issue.

127) The plaintiff states infurther if any inmate made such a statement as he had accused this plaintiff of, in knowing this defendant Scott Callander, with this remarks and this institution, the plaintiff would of been placed into 10 Block also there would of been a serious beaten given in such an issue as alleged.

128) The plaintiff states there was **no such evidence** to prove or to even allege or accuse the plaintiff of such kinds of issues in this disciplinary report now infurther this had opened a door way to this officers name because he was this correctional officer whom head butted the plaintiff several times on December 19, 1999 in the Sally-Port violating the plaintiff Eighth Amendment of a cruel and unusual punishment and a due process of law.

129) The defendant Limeia Perry had intentionally stated the plaintiff was guilty as accused, the plaintiff did appeal this **D** – **Report 99 2358** to the attention of Superintendent defendant Peter Pepe Jr. and was issued a notice appeal denied dated on January 18, 2000 a complaint was then issued to the deputy Commissioner James Bennder, also to the Commissioner defendant Michael Maloney, **See** paperwork on back of complaint of James Bennders remarks.

130) The plaintiff was reclassed on on January 31, 2000 stating the plaintiff needs for level 6 based on threatening nature of D – **Reports** and issues of enemys at MCI

Cedar-Junction Walpole, this issue appealed to the defendant Mark Powers, which he intentionally ignored never sending an answer.

131) The plaintiff stated he sent these issues of appeal papers to the attention of defendant Michael Maloney, which Prison Staff had intentionally withheld this appeal request and also a return to the State of New Hampshire, this was now sent back by defendant Lori A Cresey, stating the plaintiff must address this issue to the State of New Hampshire to defendant Denise Heath, the New England Compact agent.

132) The plaintiff did submit to the defendant Denise Heath a request but this was no answered, the plaintiff was intentionally classified to a level 6 institution which at no such time is this plaintiff a level 6 inmate nor has a crime of such kinds of nature to be placed into these kinds of issues as this **Retaliation had continued**.

133) The plaintiff was told he would be moving to level 6 Super Max at Souza-Baranowski Correctional Center Po Box 8000 Shirley, Massachusetts and now waiting to be transferred the plaintiff was moved to the minimum end of Cedar-Junction.

134) The plaintiff now at this minimum end seen defendant Gerald Raduzzo, whom did work at the Medical Unit and at the Modular Unit inwhich he requested the plaintiff to dismiss the claims against Michael Rutallege whom was a defendant in the Norfolk County Superior Court.

135) The defendant Gerald Raduzzo, had told this plaintiff that he was friends with his his brothers son and daughters, which he had made several wise remarks of a sexual nature about the plaintiff's brothers daughters stating he would like to do them up one of these days as a sexual remark which these were harassing

verbal remarks said by this officer.

136) The defendant Gerald Raduzzo, would intentionally go through the plaintiff's personal pictures and would make comments of sexual nature harassing and abusing the plaintiff as an assaultive nature with these wise comments still stating of this prior law suit, that was filed under Civil Action 99 - 01904 as this **Retaliation had continued.**

137) The defendant Raduzzo, on the morning of February 09, 2000 came to the plaintiff cell #6 as this plaintiff was standing infront of his cell door way defendant Gerald Raduzzo, did act in an unprofessional manner, which caused a serious incident on this unit as this officer **foolishly** was jumping around the plaintiff in a circle kicking his feet attempting to hit assault the plaintiff as horesplaying.

138) The plaintiff stated to the defendant Gerald Raduzzo, if this kind of issue continues he's going to call his brother Sal, and report these kinds of nature to the proper authority, as he had continued and this was stated everyone of the inmates at this unit were now watching this correctional officer, at this time the main desk officer had called and told everyone to lock in to there cell's.

139) The plaintiff now in his cell and IP came to this cell ordering the plaintiff to cuff-up, the plaintiff was taken to the main office and asked several questions how the plaintiff new this officer and if he new were he lived.

140) The plaintiff was moved to **10 Block** and was given a D - **Report** 00 - 248 stating the plaintiff had told all the inmates in the unit that defendant Raduzzo, lived next door to his brother's house in Malden, Massachusetts inwhich the plaintiff did not know this officer Gerald Raduzzo.

- 31 -

141) The defendant Gerald Raduzzo, was the officer whom wrote and issued  D -
**Report 00 - 248**  but the facts were this correctional officer had breached his
own security violating the Massachusetts codes of ethics and was responsible for
this unusual or bizarre behavior.

142) The defendant Gerald Raduzzo, as an official employee of the Massachusetts
Department  of Corrections and policy to adhere to the code of ethics promulgated
by  American Correctional Association in which directly or  indirectly influence
his performance and his duties by telling the plaintiff indisclosed that he was
friends with the plaintiff's family then issue a **D** - **Report** **to** **cover-up** his
actions as this **Retaliation had continued**.

143) The plaintiff was in **10 Block a Segregation Unit** confined to a lock-up **24
hours** per day and  did submit to defendant Mark Powers a request  to be returned
to population and was told as soon as this disciplinary issue was resolved the
plaintiff would be returned to population.

144) The plaintiff was locked into confinement  24 hours per day from February 9,
1999 through April 1999 22½ hours to 24 hours March 1, 2000 inwhich he was deprived
his crutches left in this cell and violates  the Eighth Amendment with a due process
of law there was no such hearing for this false trumped-up D - **Report 00 - 248.**

145) The plaintiff issued to the attention of the Superintendent defendant Peter
Pepe Jr. request slips and grievance forms these were issued to the attention  of
Commissioner defendant Michael Maloney, because of being left in  **level 6**  **at a
confinement** into this kind of status for more  then a years time.

146) The plaintiff states under the New England  Interstate Corrections Compact,

under their contract procedures and rights pursuant to subsection article III, the facts of confinement in a receiving State shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state.

147) The plaintiff was intentionally deprived access to adequate law library, denied and deprived opportunities for programming, denied a job, also deprive New Hampshire Law books so that he could not work on his criminal crime as an appeal issue.

148) The plaintiff was locked in a cell from February 3, 1999 at 24 hours per day through to 22½ hours per day this was not equal treatment as pursuant to this contract. The State of Massachusetts Cedar-Junction Walpole was not adequate or equal facilities and was not designated as with said similar inmates of the receiving State per this contract.

149) The plaintiff did issue complaints to the New England correctional compact agents as defendants Denies Heath, and Lori A Cresey in which defendant Gregory Crompton, issued from the classification Unit of New Hampshire false misleading reports in a retaliation for filing a law suit in the State of New Hampshire.

150) The plaintiff prior to being sent to Massachusetts had serious issues of concerned Medical conditions on November 18, 1997 the plaintiff suffered **a Mild Heart Condition** and had issues of undiagnosed **Anxiety Attacks** with issues of a Mental Health status. These issues were not disclosed to the State of Massachusetts intentionally withheld by defendant Gregory Crompton and Denies Heath of the New Hampshire Department of Corrections.

## " C L A I M S    O F    R E L I E F "

151) The actions of defendants Dale Bissonnette, John Doe -1,  and Wayne Travies in using physical force against the plaintiff with out need or provocation, into failing to intervene to prevent the misuse of physical force as Wayne Travies had slammed the plaintiff's head and face into the Sally-Port wall, then grabbing the plaintiff by his left arm pulling dragging him on to the Sally-Port floor out the door way into the main hallway done maliciously and sadistically constitutes a cruel and unusual punishment violation of the Eighth Amendment to the United State Constitution.

152) The actions of defendant Wayne Travies, John Doe -1, whom used physical force against the plaintiff with out need or provocation inwhich sergeant Charlie Kenny, had intervened to prevent this issue, but he had failed to follow through and went back into the Sally-Port area doorway as Wayne Travies and John Doe-1 had continued using misuse of force, this was done maliciously and sadistically and constituted a cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

153) The actions of the defendants Wayne Travies, John Doe-1, Frances Mckinnon, John Marshall Jr,  Mark Powers, Dale Bissonnette, and Charlie Kenny, in  misusing of there authority denying medical attention stating the Cedar-Junction Walpole State Prison was locked down no medical staff in a physical mistreatment of an assault constituted the tort of assault and battery under laws of the State of Massachusetts and as well as negligence.

154) The actions of the defendants Wayne Travies, John Doe-1, Dale Bissonnette, and

- 34 -

Charles Kenny, in denial of proper medical attention and treatment to the plain-
tiff's needs was done maliciously and sadistically in violation of a deliberate
indifference to a serious medical issue to an Eighth Amendment claim and constituted
a cruel and unusual punishment into the United States Constitution.

155) The actions of defendants Dale Bissonnette, Wayne Travies, John Doe-1 causing
intentional bodily harm of an assault causing recklessness of behavior as Wayne
Travies, had hit, punching the plaintiff inflicting harm and failed to intervene
to needs or provision constituted the tort of assault and battery under laws of the
Commonwealth of Massachusetts and a claim of negligence.

156) The actions of the Commissioner defendant Michael T. Maloney, Jane Perlov,
Lori Cresey, Denies Heath, Edda Cantor, Gregory Crompton, Michael J Cunningham,
Dale Bissonnette and Peter Pepe Jr failing to remove the plaintiff from such kinds
of incarceration of level 6 knowing he was a minimum security New Hampshire State
inmate and these was an on going retaliation in existance in violation of the Four-
teenth Amendment and the Due Process of law to the United States Constitution and
to a Tort claim under State laws of Massachusetts.

157) The actions of the Commonwealth of Massachusetts and the State of New Hampshire
Departments of Corrections, the Departments of the New England Interstate Corrections
Compact agents Department of Public Safety are held to a State Claim of State
Liability and subject to full responsibility for the actions of this brutal assault
done by this correctional officer Wayne Travies on August 19, 1999 and had failed
to provide protection under the Eighth Amendment and denying medical care stating
the instution was locked down. By denying this treatment in this manner Cedar-Junction
Walpole was a Super Max level 6, the facts the plaintiff was a minimum level of

- 35 -

security at level three status and intentionally placed into level six on false issues do to this retaliation had existed by the State Correctional staff and under circumstance's at risk had caused recklessness of bodily harm was done maliciously and sadistically and infliction of pain and suffering injuries constituted deliberate indifference to a serious medical claim holding the following defendants to this State claims of liability State of New Hampshire Michael J Cunningham, Edd Cantor, Denies Heath, Gregory Crompton, of the State of Massachusetts Jane Perlov, Michael T Maloney, Lori Cresey, John Marshall Jr; Dale Bissonnette, Mark Powers, Peter Pepe John Doe-1, Charles Kenny and Wayne Travies are fully responsible to this claim of State Liability violation of the first, the Eighth, the Fourteenth amendments and the Due Process Clause into this retaliation issue under the United States Constitution and under the State laws of Massachusetts and New Hampshire pursuant to the New England Interstate, Corrections Compact into the Tort Claim of negligence.

158) The action of defendant inmate David King # W51507 whom had assaulted the plaintiff while he was on crutches and was done needlessly infliction of harm and pain as several State Correctional officers had watched failing to intervene to stop this inmates actions done maliciously and sadistically then cuffing the plaintiff dragging him across the floor 175 feet to the Sally-Port area Violation of CMR 505.00 use of force and constituted a cruel and unusual punishment to a serious condition and the tort claims of an assault and battery under State Laws of Massachusetts.

159) The actions of the defendants Peter Pepe Jr; Michael T. Maloney, and Jane Perlov, intentionally ignoring this abusive treatment, of physical harm and assaults by these correctional officers and also failing to remove the plaintiff from further harm also ignoring the fact a weapon as this Mop ringer, Mop and Broom left out unsupervised constitutes deliberate indifference and contributed to and poximate cause of the above described violation to the Eighth amendment rights and to the

Fourteeth amendment at a retaliation and assault and battery under the United
States Constitution and negligence to State laws of Massachusetts

160) The actions of the defendant Stephen Kenney, whom falsely issued and accused
the plaintiff of submitting a letter to defendant Michael T Cunningham in knowing
this was not the plaintiff hand writing which evidence was denied by the hearings
officer Ernest J Therien, failing to provide a proper investigation denying the
plaintiff the use of witnesses the hearing office Limea Perry whom was a pointed
to be this hearings officer and were the plaintiff proved this note letter was false
and the bottom was written by Stephen Kennedys office as this D - Report 99 - 2283
provided in adequate written disposition of charges violation of the First and the
Fourteenth amendments and the Due Process Clause of the United States Constitution.

161) The actions of Stephen Kennedy during this hearing as the plaintiff said he is
filing and issuing a legal complaint into a real Court as this false misleading
information by this defendant Stephen Kennedy despite his acknowledgement said he
is now issuing another disciplinary D - Report 99 - 2286 Violation of the Due
Process constitutes deliberate indifference and in further deprived the plaintiff
his rights under the equal protection of law in knowing this issue was a retaliation
under the First, the Fifth, the Eighth, and the Fourteenth amendments to the United
States Constitution.

162) The action of defendant Peter Allen in knowingly he is a named defendant in
another Civil Action 99-01904 had intentionally answered the plaintiff's Appeal to
the Superintendent defendant Peter Pepe Jr. and was not the Deputy Superintendent
which Peter Pepe Jr. was notified of this issue and ignored the facts constitutes
a misuse of their authority in this continuance on going retaliation violating the
First the Eighth, the Fourteenth amendments and the Due Process of law to the United

- 37 -

Constitution  an tort of negligence.

163) The actions of defendant Peter Pepe Jr. in turning paper issues of a complaint made by the plaintiff to defendant Mark Powers, inturn he submitted these issues back to defendant Dale Bissonnette, inwhich she intentionally deprived and denied the plaintiff adequate law library and refusing to move the plaintiff out of this maximum end of Cedar-Junction Walpole, because the plaintiff was on crutches locked 22½ hours to 24 hours per day in confinement knowing he was only a minimum level 3 of security in a maximum level 6 violating the First, the Fifth, the Eighth and the Fourteenth Amendments to the United States Constitution.

164) The actions of defendant hearings officer William Faria, inknowing he was a named defendant in Civil Action 99-01904 had called to defendant Ernest Therien, whom was also a named defendant in this same action, both these defendants were, impartiality to be this hearings officer in any such judgment in **D** - **Report** **99** - **2386** given by defendant Stephen Kennedy as a retaliation in violation of the First, and the Fourteeth Amendments and the Due Process Clause under the United States Constitution.

165). The actions of Peter Pepe Jr, in refusing to over turn the plaintiff's disci-plinary conviction, despite his knowledge of the above described due process violations constituted deliberate indifference and further denied the plaintiff Due Process of law in violation of the Fourteenth Amendment to the United States Constitution.

166) The actions of defendant Peter Pepe Jr, in failing to turn over the plaintiff's 2nd disciplinary conviction **D** - **Report** **99** - **2386** despite his knowledge of the above

described and was intentionally a retaliation by defendant Stephen Kennedy, and
in violation of the due process constituted deliberate indifference and in further
denying the plaintiff his rights of the Fourteenth Amendment to the United States
Constitution.

167) The actions of defendant inmate Thomas McIntyre, whom had used this steal end
of the Mop stabbing the plaintiff first onto the plaintiff's head then stabbing the
plaintiff in the left chest area several times while correctional officers had
watched in failing to intervene was done maliciously and sadistically and const-
ituted a cruel and unusual punishment in violation of the Eighth amendment to the
United States and a tort claim of assault and battery leading to a claim of State
Liability under negligence and law of the Commonwealth of Massachusetts and of
the State of New Hampshire.

168) The actions of defendant **John Doe Badge Number 1454**, whom had pulled the
plaintiff by his arms out on to the floor, hand cuffing, shacking then brutally
dragging the plaintiff into the Sally-Port area needlessly using physical force
intentionally infliction of pain and harm of assault was done maliciously and
recklessness of his behavior constituted a deliberate indifference to a cruel and
unusual punishment in violation of the Eighth Amendment to the United States and
a tort claim of negligence under State laws of Massachusetts.

169) The actions of defendant **John Doe Badge Number 1454**, whom after dragged the
plaintiff into this Sally-Port area had now intentionally placed his shoe onto the
plaintiff's face causing and infliction of pain and suffering using physical force
while officers Scott Callander, and Bill Vosher, watched failing to intervene to
prevent this kind of abusive action done maliciously and sadistically constituted

- 39 -

a cruel and unusual punishment in violation of the Eighth Amendment to the United

States and the tort of assault and battery under State law of Massachusetts.

170) The actions of defendant Scott Callander, while watching he the had gotten onto

his hands and knees grabbing the plaintiff's head and the repeatedly head butted

the plaintiff causing pain and Black & Blue marks in using this type of physical

force inflicting harm needlessly while now **John Doe Badge Number 1454**, and officer

Bill Vosher, had watched with laughter failing to intervene to prevent this kind

of misuse of force and physical abuse constituted deliberate indifference and

contributed to and proximately cause the above described violation of the Eighth

amendment right and assault and battery.

171) The actions of defendants Scott Callander, Bill Vosher and **John Doe Badge**

**Number 1454** in using this type of physical force against the plaintiff with out

need or provocation constituted the tort of assault and battery under law of the

State of Massachusetts and the tort claim of negligence.

172) The actions of the Commonwealth of Massachusetts and the State of New Hamp-

shire denying and depriving the plaintiff to move out of this high level 6 security

Cedar-Junction Walpole knowingly a retaliation had existed. Also a filed complaint

of a **grievance issue** was filed on December 03, 1999 requesting to remove this

**Mop Bucket, Mop ringer, the Mop, and the Broom from the Modular Unit, because it**

**was unsupervised.** The grievance was ignored by Prison Officials and staff whom had

failed to provide protection, the plaintiff was **stabbed several times**, on his

head then two times on his chest left side. This action had caused pain and suffer-

ing injuries, then these several officers brutally assaulted the plaintiff.

173) The actions of Scott Callander, **John Doe Badge Number 1454**, Bill Vosher, and

Prison officials from both States Massachusetts and New Hampshire are held and fully responsible for these action and are subjected to a State Claim of liability as this parties and agents Jane Perlov, Michael T. Maloney, Edda Cantor, Michael J Cunningham, Gregory Crompton, New England interstate Corrections Compact agents Lori A Cresey, Denies Heath, Peter Pepe Jr, Mark Powers, and Dale Bissonnette in violation of the First, the Fifth, the Eighth and the Fourteenth Amendments and the due process Clause violations as a retaliation in this State Claim of Liability. The plaintiff did utilize the Prison Litigation reform act of 1997e(a) administrative remedies were exhasted.

174) The action of Scott Callander, in issuing a falsely trumped up **D — Report 99-2358**, as a retaliation continued, the hearings officer defendant Ernest J Therien had appointed officer defendant Limeia Perry, as this hearings officer and she had refused to call witnesses and then finding the plaintiff guilty with no such kinds of evidence to Support this charge and providing an in adequate written disposition of the charges denying the plaintiff the Due Process of law in violation of the Fourteenth amendment to the United States Constitution.

175) The actions of defendant Peter Pepe Jr, in refusing to turn over the plaintiff's disciplinary conviction, despite his knowledge of the above described due process violation constituted deliberate indifference and infurther denying the plaintiff the due process of law inviolation of the Fourteenth amendment to the United States Constituiton.

176) The actions of defendant Mark Powers in holding the plaintiff's classification appeal not answering these issues then issuing this appeal to the defendant Michael

T Maloney, which he was also a prior defendant in Civil Action 99-01904, he had
modified the plaintiff's transfer, violating the first, the Fifth, and the Four-
teenth Amendments to the United States Constitution.


177) The action of defendant Gerald Raduzzo, whom had harassed, abused, mistreated
and of his verbal misbeaver of eliminoting such misconduct in his repeated verbal
comments as this kind of retaliation had continued constituted maliciously and
sadistically  causes a cruel and unusal punishment violation of the Eighth Amend-
ment of the United States Constitution.


178) The action of defendant Gerald Raduzzo, in issuing this **D** - **Report** - **00** - **0248**
intentionally writing false misleading allegations of reports as a cover-up and
having the plaintiff locked in confinement at 24 hours per day for 20 days, the
defendant Mark Powers was notified and had ignored these issues knowingly the plain-
tiff suffered from Claustrophia, Axiety Attacks, and had medical disabilities also
a Heart condition which constituted a deliberate indifference and constributed to
and proximately cause of the above described violation of the Eighth amendment
rights and assault and battery.


179) The action of defendant Gerald Roduzzo, Mark Powers and Peter PepeJr; in
refusing to remove the plaintiff from this confinement locked 24 hours per day
of in adequate written disposition of these trumped-up charges denying the plain-
tiff his right and punished before the facts constituted a cruel and unusual kinds
of punishments violation of the First, the Fifth, the Eighth and the Fourteenth
Amendments also the Due Process Clause to the United States Constitution and a
tort claim of negligence under State law of Massachusetts.


180) The action of the Commonwealth of Massachusetts and of the State of New Hampshire

defendant Jane Perlov, Michael T Maloney, Michael J Cunningham, Edda Cantor, Gregory Crompton and agents Lori Cresey and Denies Heath, are fully responsible of depriving and denying the plaintiff equal opportunities, adequate housing or equal facilities per the New England Interstate department of Corrections Compact desintated as with similar inmates of the receiving State per contract depriving the plaintiff under subsection III violations of the First, the Fifth, the Eighth and the Fourteenth Amendments and the Due Process of law under the United States Constitution and a claim of negligence under State Laws.

181) The actions of defendant Gregory Crompton, whom had intentionally falsified the plaintiff's personal paperwork of a serious medical condition and issues, not stating of the plaintiff's brain tumor, and his significant Mental Health Status. Also Anxicty Attacks and that on November 18, 1997 the plaintiff suffered a Mild Heart condition which this transfer to Massachusetts was a retaliation for filing a Civil Action agent Lori Cresey, did not review 1995 paperwork of this status, and this constituted a deliberate indifference to a serious medical need the plaintiff was also on crutches and with this disability was depriving and denying equal protection violation of the First, the Fifth, the Eighth and the Forteenth amendments to the United States Constituion.

182) The actions of the Commonwealth of Massachusetts, The State of New Hampshire Department of Corrections, Department of Public Safety and the New England Interstate Corrections Compact, agents Lori A Cresey, Denies Heath, Acting NH Commissioner Edda Cantor, Warden Michael J Cunningham, Classification officer Gregory Crompton, Ma. Public Safety Jane Perlov, Commissioner Michael T. Maloney, Superintendent Peter Pepe Jr; Deputy Mark Powers and Unit Manager Dale Bissonnette, have intentionally denied and deprived the plaintiff under the American Disabilities Act of 1990(ADA) 42 USC § 2101 as provides as of January 1992 by reason of such disability not to be

- 43 -

excluded from participation in or be deprived or denied any benefits of such disability programs, or activities of a public entity or be subjected to discrimination. My rights to access freedom from cruel and unusual punishments, I was subjected to situations of risk and harm locked in confinement deprived equal protection and discriminated against denied medical Care, adequate housing, law library, food, and appropriate programming or a job. Holding the above States, Staff and agents to a full State Claim of Liability violated my rights under the First, the Fifth, the Eighth and the Fourteenth amendments and the Due Process Clause of law under the United States Constitution and a tort claim of assault and battery as well as negligence.

**WHEREFORE** the plaintiff respectfully request the Court grant the following relief:

( A ) Issue a declaratory judgment stating that:

1) THe physical abuse to the plaintiff by defendants WAyne Travies, John Doe-1, Dale Bissonnette, violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under State Laws.

2) THe defendants Wayne Travies, John Doe-1 and defendant Dale Bissonnette, in the actions of failing to provide adequate medical care constituted a deliberate indifference intentionally depriving and denying the plaintiff his rights under the Eighth Amendment to the United States Constitution and a tort of assault and battery under State law and of negligence.

3) The physical abuse to the plaintiff by defendants Frances McKinnon, John Marshall, Mark Powers and Charlie Kenny, violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and Constituted an assault and battery under State law of Massachusetts.

4) The defendants John Marshall, Mark Powers, Frances McKinnon, and Charles Kennys actions in failing to provide adequate medical care constituted a deliberate indifference depriving the plaintiff's rights under the Eighth Amendment to the United States Constitution and a tort of negligence.

5) The physical abuse to the plaintiff by the defendants Jane Perlov, Michael T. Maloney, Peter Pepe Jr; Mark Powers, Dale Bissonnette, and agents Lori A Cresey, and Denies Heath, in failure to take action to curb the physical abuse by inmates violated the plaintiff's rights under the Eighth Amendment to the United States Consitution.

6) The defendants Jane Perlov, Michael T. Maloney, Peter Pepe Jr; Mark Powers, Peter Allen, Dale Bissonnette and agents Lori A Cresey, and Denise Heath, in failing to provide protection to the plaintiff constituted a cruel and unusual punishment violating the plaintiff's rights under the First, The Fifth, the Eight and the Fourteenth Amendments to the United States Constitution and a tort claim of negligence under State laws of Massachusetts.

7) The physical abuse to the plaintiff by defendants inmate David King, Superintendent Peter Pepe Jr; Dale Bissonnette, and defendant Mark Powers, violated the plaintiff's rights under the Eighth Amendment to the United States constitution.

8) The defendant Dale Bissonnette, Peter Pepe Jr; and Mark Powers, failure to take action to curb the physical abuse of defendant inmate David King, violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under State law of Massachusetts.

9) The physical abuse to the plaintiff by defendants Stephen Kennedy, Mark Powers,

Michael J. Cunningham, Dale Bissonnette, and Peter Pepe Jr, violated the plaintiff's rights in this falsely trumped-up D report violating the First, the Eighth, and the Fourteenth amendments and the Due Process Clause to the United States Constitution and a tort of negligence under State laws.

10) Defendant Limeia Perry's actions in conducting the plaintiff's disciplinary hearing and the defendant Peter Pepe Jr; in sustaining it, violated the plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United State Constitution.

11) Defendant Ernest J Therien, William Faria, in there actions dening the plaint- iff his Constitutional rights to call witnesses, in conducting this disciplinary hear- ing and the defendant Peter Pepe Jr; in sustaining it, violated the plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United State Constitution.

12) The physical abuse to the plaintiff by defendant inmate Thomas McIntyer, whom had stabbed the plaintiff several times, the defendant John Doe Badge Number 1454, used physical force dragging causing infliction of pain and suffering violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and Constituted an assault and battery under State law.

13) The physical abuse to the plaintiff by defendants John Doe Badge Number 1454 and defendant Scott Callander after brutally and physical assaulting the plaintiff, defendant Bill Vosher, whom watched failing to take action to curb this kind of physical abuse violates the plaintiff's rights and constituted a deliberate indiffe- rence under the Eighth Amendment to the United States Constitution and constituted an assault and battery under State laws.

- 46 -

14) The defendants John Doe Badge Number 1454, Scott Callander, Bill Vosher and defendant inmate Thomas McIntyre, for the physical and emotional injuries that were sustained as a result of there actions causing this kind of pain and suffering injuries as well as harm violated the plaintiff's rights to a cruel an unusual punishment under the Eighth Amendment to the United States Constitution and constituted a tort claim of assault and battery and negligence under State laws of Massachusetts.

15) The defendant Limeia Perry and Ernest J Therien, in there actions in conducting the plaintiff's disciplinary hearing that was falsely issued by Scott Callander, whom provide in adequate written charges and the defendant Peter Pepe Jr; actions in sustaining it, violated the plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

16) The physical abuse to the plaintiff by defendant Gerald Raduzzo, who had harassed and mistreated, causing emotional punishments intentionally having the plaintiff placed into confinement then issuing an inadequate D – Report and the defendant Mark Powers, despite his knowledge knowing there was no such charge, refused to have the plaintiff removed out of segregation constituted a deliberate indifferents violating the First, the Fifth, the Eighth and the Fourteenth Amendment and the Due process Clause to the United States Constitution and constituted an assault and battery under State law of Massachusetts.

17) The physical abuse to the plaintiff by defendant Stephen Kennedy, Dale Bissonnette, Mark Powers, William Faria, Peter Pepe Jr; Jane Perlov, Michael T Maloney, Peter Allen, Michael J Cunningham, Denise Heath, Loti A Cresey, Gregory Crompton, and defendant Ernest Therian, in there actions in this continuing retaliation that

- 47 -

had existed violating the plaintiff's rights keeping him into confinement intent-

ionally constituted a deliberate indifference under the Fifth, the Eighth, and the

Fourteenth amendment to the United States Constitution.


18) The abuse of the assaults that were done to the plaintiff after letters were

submitted to prison officials, because of harm done prior. And now a failure to

remove this unsupervised **Mop Bucket** that had contained weapons and the refusing to

place the plaintiff into adequate housing, knowingly that he was only a minimum

level of security status into a level 6 housing unit as this retaliation had

continued subjecting the State of Massachusetts and the State of New Hampshire to

a claim of **Liability** naming the following defendants that are fully responsible

Department of Public Safety **Jane Perlov,** Commissioner **Michael T. Maloney,** Superin-

tendent **Peter Pepe Jr,** Deputy **Mark Powers,** Unit Manager **Dale Bissonnette, NH**

Acting Commissioner **Edda Cantor,** Warden **Michael J Cunningham,** Classification **Gregory**

**Crompton,** and the two agents of the New England Interstate Corrections Compact

**Lori Cresey,** and **Denise Heath,** are the parties involved of this intentional issue

denial of progromming, proper medical attention, locked 22½ to 24 hours per day,

violating the **Expofacto Clause** and minimum eligibility for parole violting the

First, the fifth, the Eighth and the Fourteenth Amendments and the Due Process

Clause to the United States Constitution and a tort claim of an assault and battery

as well as negligence.

( B ) ISSUE an injunction ordering Jane Perlov, Michael T. Maloney Commissioner,

the New Hampshire State Prison Commissioner, Classification officer Gregory

Crompton, and the two New England Interstate Corrections Compact agents Lori A.

Cresey, and Denise Heath TO:

1) To release and issue a complete copy of the plaintiff's **6 Part Folder** or

offender records from the State of Massachusetts.

2) Issue a complete copy of all incident reports, investigation reports, Intenal affairs of investigation reports, dispatch records, all copies of documents, Classification reports, any and all paperwork that is in the State of Massachusetts on file concerning this plaintiff's files.

3) Issue a complete copy of all the paperwork that was submitted to the State of Massachusetts by the New England Interstate department of corrections Compact from the State of New Hampshire to include letters, personal medical notes and files also Mental Health Status reports all these records.

4) Expunge these false trumped-up disciplinary D – Reports that are decribed in this complaint at page A, that were issued into the plaintiff's institutional records.

5) Issue all the above decribed documents and paperwork that are on file at the cost of the defendants.

( C ) Award Compensatory damages in the following amounts:

1) 250000.00 jointly and severally against defendants Wayne Travies, John Doe-1 and Dale Bissonnette, for the physical and emotional injuries refusing to issue medical care in a deliberate indifferance sustained as   a result of the plaintiff's beating.

2) 250000.00 jointly and severally against defendant Stephen Kennedy, Ernest J Therien, and defendant William Faria, for the punishment and emotional injuries as a resulting from their denial of the Due Process in connection with the plaintiff's disciplinary proceedings.

3) $25000.00 jointly and severally against defendants Peter Pepe Jr; Limeia Perry, Gerald Raduzzo and Peter Allen, for the punishment connected with the plaintiff's disciplinary proceedings.

4) $500000.00 jointly and severally against defendants John Doe Badge Number 1454, Scott Callander, and defendant Bill Vosher, for the physical assault and for the pain and suffering sustained as a results of the plaintiff's beatings.

5) $150000.00 jointly and severally against defendants John Marshall Jr; Michael J Cunningham, Gregory Crompton and defendant Mark Powers for the physical and emotional injuries the plaintiff had suffered substained as a results of the plaintiff's assaults and this stabbing that was needlessly done.

6) $150000.00 jointly and severally against defendants Peter Allen, Michael J Cunningham, and defendant Edda Cantor, for the physical and emotional injuries that were suffered by the plaintiff substained as a result of the plaintiff's stabbings and his beatings.

7) $250000.00 jointly and severally against defendants Lori A Cresey, Denies Heath, Michael J Cunningham, Michael T Maloney, and defendant Jane Perlov, for the physical and emotional injuries that were suffered and for the pain sustained as a result of the plaintiff's beatings.

8) $125000.00 jointly and severally against defendants Thomas McIntyre, and to inmate David King, for the plaintiff's injuries sustained as a result of the plain-tiff's beating.

9) $2000000.00 jointly and severally against the Commonwealth of Massachusetts, the

New England Interstate Corrections Compact, The department of Public Safety, The New Hampshire State Prison, holding these States and defendants to a State Claim of Liability and they were obligated to provide the plaintiff adequate housing, appropriate programming and protection against any kinds of harm. In there failure in to this issue had caused serious bodily harm which the plaintiff had suffered injuries and physical and emotional abuse do to there negligence. The following defendants are fully responsible Jane Perlov, Michael T. Maloney, Edda Cantor, Michael J Cunningham, Peter Pepe Jr; Mark Powers, Peter Allen, Gregory Crompton, Dale Bissonnette, Stephen Kennedy, Ernest Therien, Scott Callander, Wayne Travies, Bill Vosher, John Doe Badge Number 1454, and John Doe-1, for these issues sustained as a result of the plaintiff's stabbing and these assaultive beatings.

( D ) **Award Punitive damages in the following amounts:**

( 1 ) $50000.00 each defendants John Doe- 1, Wayne Travies, Bill Vosher, and John Doe Badge Number 1454.

( 2 ) $50000.00 each defendants Gerald Raduzzo, limeia Perry, William Faria, and Scott Callander.

( 3 ) $50000.00 each defendants Peter Pepe Jr; Jane Perlov, Lori 'l Cresey, and Michael T Maloney.

( 4 ) $50000.00 each defendants Denise Heath, Edda Cantor, Michael J Cunningham, and Gregory Crompton.

( 5 ) $50000.00 each defendant Peter Allen, Mark Powers, John MarshallJr; and Ernest J Therien.

( 6 ) $50000.00 each defendants Stephen Kennedy, Dale Bissionnette.

( 7 ) $1000000.00 the defendants of the New Hampshire State Prison Department of Corrections to Claim of Liability.

( 8 ) $1000000.00 the defendants of the New England Interstate Corrections Compact New Hampshire and The State of Massachusetts to a claim of Liability.

- 51 -

The plaintiff states this complaint was originally dismissed without prejudice to refile, but the facts this has been exhausted using the appeal process in the disciplinary reports that were falsely issued. The plaintiff had issued the paperwork that was attached to  the complaint, these was attached to grievance forms, and letters of complaints. These as the Court can see in plain view are return from the Massachusetts Commissioners office and State officials. ·

   This Complaint is of serious assaults and battery due to the facts this was filed in the lower Court System as a criminal matter of assaults.


   In closed are the documents to re-file this complaint see as above issued on this date of November 06, 2004


                                                    RESPECTFULLY SUBMITTED

NOVEMBER 06, 2004              X _____Pro-Se
                                                    ANTHONY LAFAUCI
                                                    CHESHIRE CORRECTIONAL INSTITUTION
                                                    900 HIGHLAND
                                                    CHESHIRE, CONNECTICUT
                                                                        06410



                              – 52 –