UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12608-REK

| | |
|---|---|
| ANTHONY LAFAUCI, *Pro Se*, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PETER PEPE, ET AL., | ) |
|     Defendants. | ) |

## MASSACHUSETTS DOC DEFENDANTS'[1] MOTION TO DISMISS

Now come defendants Michael Maloney, Scott Calendar, and Wayne Travies, in the above-entitled action, and hereby move this Honorable Court to dismiss the Complaint against them pursuant to Fed. R. Civ. P. 12(b)(4) and Fed. R. Civ. P. 12 (b)(5) for failure to serve. In addition, the remaining Massachusetts Department of Correction defendants move to dismiss for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). As reasons therefore, defendants state as follows:

1. On or about December 3, 2004, plaintiff filed his Complaint in this action. The Court docketed plaintiff's case on April 20, 2005, and issued summons and service by the US Marsall. See Docket Sheet, at #3 and 7.

2. On June 17, 2005, this Court docketed receipts and returns of service for numerous defendants in this action. See id. However, no return of service was filed for the following defendants: Scott Callendar, as he is deceased; Michael Maloney, as he is no longer employed by the Department of Correction, and Wayne Travies, as he is no longer employed by

---

[1] Plaintiff, a *pro se* prison inmate, has filed this suit against various Massachusetts and New Hampshire state officials, in addition to two (2) other inmates. The following defendants are Massachusetts state officials addressed by this motion: Lori Cresey, Peter Pepe, Dale Bissonnette, William Faria, Stephen Kennedy, Francis McKinnon, Scott Callender, Charlie Kenny, Michael Maloney, John Marshall, Jr., Wayne Travies, , Mark Powers, Jane Perlov, Peter Allen, Ernest Therien, and Amelia Perry. In addition, plaintiff alleges that Gerald Raduzzo, Bill Vosher, Charlie Kenny are Correction Officers with the Department. The docket sheet states that these three individuals were served by the US Marshal; however, undersigned counsel, with the assistance of the paralegal at MCI-Cedar Junction, the relevant institution, are unable to identify these officers. If, in fact, they are DOC officers, this motion pertains to them.

the Department of Correction. There are no further returns of service filed for these defendants, nor have these defendants been served in hand. *See* id. Fed. R. Civ. P. 12(b)(4) and (5).

3. Pursuant to Fed. R. Civ. P. 4(c), the plaintiff is required to make service of the Complaint upon each defendant personally. Service has not be procured upon these three defendants.

4. Plaintiff's Complaint alleges various facts pertaining to alleged incidents and alleged retaliation from April, 1999, through February, 2000. His Complaint is dated November 6, 2004, and was filed in this Court on December 3, 2004. Accordingly, plaintiff's Complaint must be dismissed for failure to file within the three (3) year statute of limitations.

5. "Section 1983 creates a private right of action for redressing abridgments or deprivations of federal constitutional rights. The resultant liability is akin to tort liability." McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). Section 1983 does not contain a built-in statute of limitations. Rather, section 1983 claims are governed by the most closely analogous statute of limitations governing personal injury claims. Wilson v. Garcia, 471 U.S. 261, 263 n.3 (1985); Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1988). Massachusetts prescribes a three year limitations period for civil rights claims. G.L. c. 260, § 5B. There is a three year limitation period for personal injury actions. See G.L. c. 260, § 2A; G.L. c. 258, § 4. McIntosh v. Antonino, 71 F.3d at 34.

6. Although the limitation period is borrowed from state law, federal law determines the accrual period. Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d at 59. Under federal law, accrual starts when the plaintiff "knows or has reason to know, of the injury on which the action is based." Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352 (1st Cir. 1992).

7.	In the case at hand, plaintiff has alleged violations of his due process rights as a result of disciplinary proceedings in 1999, various constitutional violations as a result of alleged actions of defendants occurring in 1999 and 2000, and alleged retaliation occurring in 1999 and 2000.  As such, he knew of these alleged violations when they occurred.  Accordingly, the statute of limitations ran for all claims at the very latest, in February, 2003.  Plaintiff did not file his Complaint until December 3, 2004.  Accordingly, the Complaint must be dismissed.

WHEREFORE, defendants respectfully request this Honorable Court ALLOW defendants' Motion to Dismiss.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | NANCY A. WHITE<br>Special Assistant Attorney General |
| Dated: July 6, 2005 | /s/ Julie E. Daniele<br>Julie E. Daniele<br>BBO#600093<br>Legal Division<br>Department of Correction<br>70 Franklin Street, Suite 600<br>Boston, MA 02110-1300<br>(617) 727-3300, ext. 115 |

CERTIFICATION OF SERVICE

I, Julie E. Daniele, Counsel, hereby certify that a true and accurate copy of the foregoing was sent, this date, to plaintiff, Anthony Lafauci, pro se, via first class mail.

July 6, 2005                                                                                         /s/  Julie E. Daniele