UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12608-REK

| | |
|---|---|
| ANTHONY LAFAUCI, *Pro Se*, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PETER PEPE, ET AL., | ) |
| Defendants. | ) |

## MASSACHUSETTS DOC DEFENDANTS'[1] RESPONSE TO PLAINTIFF'S "MOTION OF OBJECTION TO THE MASSACHUSETTS DEFENDANTS' MOTION TO DISMISS"

Now come Massachusetts DOC defendants in the above-entitled action and respond to plaintiff's "Motion of Objection" to their Motion to Dismiss as follows:

1. On or about December 3, 2004, plaintiff filed his Complaint in this action.

2. Plaintiff's Complaint alleges various facts pertaining to alleged incidents and alleged retaliation from April, 1999, through February, 2000. His Complaint is dated November 6, 2004, and was filed in this Court on December 3, 2004. Accordingly, the Massachusetts DOC defendants moved to dismiss plaintiff's Complaint for failure to file within the three (3) year statute of limitations.

3. Plaintiff's opposition acknowledges this three year statute of limitations but claims that because he already filed the claims in 01-11689-JLT, the date of filing was the date of the filing of that case. The Court in 01-11689 dismissed these claims without prejudice. Although the Court

---

1 Plaintiff, a *pro se* prison inmate, has filed this suit against various Massachusetts and New Hampshire state officials, in addition to two (2) other inmates. The following defendants are Massachusetts state officials addressed by this motion: Lori Cresey, Peter Pepe, Dale Bissonnette, William Faria, Stephen Kennedy, Francis McKinnon, Scott Callender, Charlie Kenny, Michael Maloney, John Marshall, Jr., Wayne Travies, , Mark Powers, Jane Perlov, Peter Allen, Ernest Therien, and Amelia Perry. In addition, plaintiff alleges that Gerald Raduzzo, Bill Vosher, Charlie Kenny are Correction Officers with the Department. The docket sheet states that these three individuals were served by the US Marshal; however, undersigned counsel, with the assistance of the paralegal at MCI-Cedar Junction, the relevant institution, are unable to identify these officers. If, in fact, they are DOC officers, this motion pertains to them.

made it clear that plaintiff could re-file his claims, this does not change the requirement that he file within the appropriate statute of limitations. The rule requiring that claims be brought within a specific limitation period is there to ensure that those required to answer to claims are not prejudiced by an unending timeline. Plaintiff's attempt to re-file his claims is extremely prejudicial to defendants, as these claims cannot continue to be brought time after time while plaintiff decides how to litigate the case. The statute of limitations for the subject claims still ran, at the very latest, in February, 2003. Plaintiff did not file <u>this</u> Complaint until December 3, 2004. Accordingly, the Complaint must be dismissed.

    WHEREFORE, defendants respectfully request this Honorable Court ALLOW defendants' Motion to Dismiss.

Respectfully Submitted,

NANCY A. WHITE
Special Assistant Attorney General

Dated: <u>August 10, 2005</u>

/s/ Julie E. Daniele
Julie E. Daniele
BBO#600093
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 115

## CERTIFICATION OF SERVICE

    I, Julie E. Daniele, Counsel, hereby certify that a true and accurate copy of the foregoing was sent, this date, to plaintiff, Anthony Lafauci, pro se, via first class mail.

August 10, 2005                                                                                /s/ Julie E. Daniele