UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
                                    )
ANTHONY LAFAUCI,                    )
    Plaintiff                       )
                                    )
                                    )   CIVIL ACTION
    v.                              )   NO. 04-12608-REK
                                    )
PETER PEPE, ET AL.,                 )
    Defendants                      )
                                    )
_____ )

**Memorandum and Order**
November 15, 2005

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Massachusetts Department of Corrections Defendants' Motion to Dismiss (Docket No. 32, filed July 6, 2005).

### II. Factual and Procedural Background

Plaintiff Anthony LaFauci originally filed this claim before District Court Judge Tauro, and the factual background in this Memorandum and Order thus repeats much of Judge Tauro's recitation of the facts (01-11689-JLT, Docket No. 54) in this case. Plaintiff is a New Hampshire inmate who was initially incarcerated at the New Hampshire State Prison. At some point, plaintiff was transferred to a Massachusetts facility, and he was later transferred again to a facility in Cheshire, Connecticut. From the current record, it appears that plaintiff is now

incarcerated at the Osborn Correctional Institution in Somers, Connecticut.

Plaintiff's complaint alleges that he was transferred from MCI Norfolk to Cedar-Junction Walpole in April 1999, in retaliation for a lawsuit he filed against certain prison officials. Plaintiff, who was using crutches at the time, was subjected to a strip search on August 19, 1999, and was allegedly harassed and assaulted by defendant Travies and others. Plaintiff's eye became swollen and bruised, and he was left outside in the heat for several hours with no medical attention. Despite injuries to his wrist, elbow, shoulder, and eye, plaintiff received little, if any, medical attention in the hours and days following the incident.

At some point on or about December 1, 1999, plaintiff was allegedly assaulted by defendant King. Several corrections officers approached the scene and placed handcuffs on plaintiff. The handcuffs were tight and caused plaintiff pain. Plaintiff wrote a letter to defendant Pepe concerning the incident. Also, in December 1999, plaintiff was accused of writing a threatening letter to defendant Cunningham, but plaintiff denies having done so. Plaintiff received disciplinary reports for sending the letter, and he proceeded to send letters to defendant Pepe protesting the disciplinary action.

Plaintiff was again assaulted on December 19, 1999, this time by inmate McIntyre. Several officers also assaulted plaintiff during the assault. At a hearing on January 12, 2000, plaintiff was not allowed to present the testimony of certain witnesses. He was later subjected to a period of "lock-up."

On November 8, 2001, plaintiff filed a complaint pro se in the United States District Court for the District of Massachusetts against defendants Michael Maloney, Jane Perlov, Peter Allen, Peter Pepe, Lori Cresey, Mark Powers, John Marshall, Jr., Dale Bissonnette, Stephen

Kennedy, Ernest Therien, Frances McKinnon, Charlie Kenney, Scott Calendar, William Faria, Amelia Perry, Wayne Travies, Gerald Raduzzo, Bill Vosher, Officer John Doe-1, and Officer John Doe-1454 ("Massachusetts defendants"); the State of New Hampshire, Edda Cantor, Michael Cunningham, Greg Compton, and Denise Heath ("New Hampshire defendants"); and inmates Thomas McIntyre and David King. Plaintiff sought damages for civil rights violations and personal injuries. On August 1, 2002, Judge Tauro dismissed this case due to plaintiff's failure to comply with the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e)(a) ("PLRA"), which requires the exhaustion of administrative remedies. Plaintiff's dismissal was without prejudice.

From the record, it does not appear that plaintiff pursued any further administrative remedies as detailed in Judge Tauro's Memorandum and Order. Instead, plaintiff filed this Complaint on December 3, 2004. The defendants named in this complaint are Peter Pepe, Lori Cresey, Dale Bissonnette, William Faria, Stephen Kennedy, Frances McKinnon, Scott Callander, Charlie Kenny, Michael Maloney, John Marshall, Jr., Wayne Travies, Mark Powers, Jane Perlov, Peter Alan, Ernest Therein, and Amelia Perry ("Massachusetts DOC defendants"); Gerald Raduzzo, Bill Vosher, Michael Cunningham,, Gregory Crompton, Thomas McIntyre, David King, Denise Heath, Edda Cantor, Officer John Doe (Badge #1454), and Officer John Doe.[1] Plaintiff brings charges pursuant to Section 1983 of Title 42 of the United States Code and produces the same allegations as in the previous case before Judge Tauro. Plaintiff demands declaratory, injunctive, compensatory, and punitive relief.

---

[1]The parties spell defendants' names differently in different filings. I will thus use the spelling that was used in the relevant filing, unless such spelling appears clearly erroneous, as in plaintiff's spelling of Ms. Perry's first name as Limeia.

On July 6, 2005, Massachusetts DOC defendants filed a motion to dismiss. Plaintiff filed a reply on August 1, 2005, and Massachusetts DOC defendants filed their response to this reply on August 10, 2005.

### III. Analysis

The Local Rules for the United States District Court for the District of Massachusetts provide that related civil cases should be assigned to the same judge and that it is the responsibility of the assignee judge to return erroneously assigned cases to the clerk for reassignment. Local Rule 40.1(G)(3) and (4). This rule applies to a civil case if some or all of the parties are the same and if one or more of the following similarities exists: (i) the cases involve the same or similar claims or defenses; or (ii) the cases involve the same property, transaction or event; or (iii) the cases involve substantially the same questions of fact and law." Local Rule 40.1(G)(1). Although this rule would normally require me to return this case to the clerk to be reassigned to Judge Tauro, Rule 40.1 "shall not apply if more than two (2) years have elapsed since the closing of the previous action." Id. Since the case before Judge Tauro was closed on August 2, 2002, and plaintiff did not file the instant case until December 3, 2004, the Local Rule on assignment of related cases does not apply. This case is therefore properly before me, and I will decide the motion to dismiss on its merits.

Massachusetts DOC defendants raise two grounds for dismissal. First, defendants Scott Callendar, Michael Maloney, and Wayne Travies move this court to dismiss for insufficiency of service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Second, all Massachusetts DOC defendants move this court to dismiss pursuant to Rule 12(b)(6), asserting

that the complaint was filed after the statute of limitation had run. I will address the service of process claim first, followed by the statute of limitation claim.

**A. Service of Process**

On June 17, 2005, this court docketed twenty-four receipts and returns of service for the defendants in this case. Not included in these returns of service were those from Scott Callendar, Michael Maloney, or Wayne Travies. Massachusetts DOC defendants assert that Callendar is deceased, that Maloney and Travies are no longer employed by the Department of Correction, where service was effectuated, and that service is thus not proper pursuant to Rule 4(c) of the Federal Rules of Civil Procedure.

The purpose of the service of process requirements in Rule 4 is to indicate "whether or not it is likely in a particular case that the one served will actually receive notice of the commencement of the action and thus be advised of his duty to defend." Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963). Although courts have ruled that, "where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d)(1) [governing waiver of the Rule 4 requirements] should be liberally construed to effectuate service and uphold the jurisdiction of the court," id., such is not the case for Callendar, Maloney, or Travies. Due to death or other employment, none of these three defendants was informed of the action against him, and this case would therefore be subject to being dismissed without prejudice as to those three defendants, for failure to effectuate service of process, unless a dismissal with prejudice is ordered for reasons considered below.

**B. Statute of Limitation**

All parties agree that the alleged incidents and retaliation providing the basis for plaintiff's claims occurred from April, 1999, through February, 2000. Plaintiff filed the complaint in this case on December 3, 2004, over four years after the last incident. Because plaintiff has far exceeded the relevant statute of limitation, I hereby dismiss all of the claims against all defendants.

Section 1983 does not contain its own statute of limitation. Instead, claims brought pursuant to Section 1983 are governed by the most closely analogous statute of limitation governing personal injury claims. Wilson v. Garcia, 471 U.S. 261, 280 (1985); but cf. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 378-81 (2004) (highlighting the problems with borrowing state statutes of limitation and applying the 28 U.S.C. § 1658 four-year uniform statute of limitation to all claims made possible by an act Congress enacted after December 1, 1990). Massachusetts has established a three-year statute of limitation for both civil rights claims and personal injury actions, see Mass. Gen. L. ch. 260, §§ 2A, 5B; Mass. Gen. L. ch. 258, § 4, and thus the correct statute of limitation for a Section 1983 claim brought in Massachusetts is three years. See McIntosh v. Antonino, 71 F.3d 29, 34 (1st Cir. 1995) (finding the statute of limitation for a § 1983 claim brought in Massachusetts to be three years).

Although state law determines the limitation period, "the jurisprudence of [S]ection 1983 directs us to examine federal law in order to determine the accrual period." Id. Under federal law, an action accrues when the plaintiff "knows or has reason to know, of the injury on which the action is based." Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992). In this case, plaintiff knew of his injuries as they were taking place, meaning that his cause of action accrued by February, 2000, at the latest. Plaintiff filed his action in the first case

raising these claims, however, on November 8, 2001, and he argues that the statute of limitation should toll from that date. In effect, he argues that I should consider the complaint in the instant case to have been filed on November 8, 2001, for purposes of the statute of limitation.

"Federal law under § 1983 borrows a state's coordinate rules on tolling unless they are inconsistent with the federal Constitution and law, or with the federal policy underlying § 1983." Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548 (1st Cir. 2005) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)). After the dismissal of an original action, Massachusetts law provides a one-year period for the commencement of a new action for the same cause if the dismissal was based on "insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed" or "because of the death of a party or for any matter of form." Mass. Gen. L. ch. 260, § 32. This tolling rule does not apply in this case. Plaintiff's earlier case before Judge Tauro was dismissed due to plaintiff's failure to meet the exhaustion requirements of 42 U.S.C. §1997(e)(a), which is not merely a matter of form. Although Massachusetts law recognizes the doctrine of equitable tolling, see, e.g., Andrews v. Arkwright Mutual Insurance Co., 423 Mass. 1021, 1022 (1996) (stating that equitable tolling is available in certain limited circumstances), the First Circuit has refused to apply equitable tolling in a case in which dismissal was based on plaintiff's failure to exhaust her administrative remedies. Jorge v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005) (stating in a Title VII case that a plaintiff "is generally not entitled to avail herself of the doctrine of equitable tolling if the procedural flaw that prompted the dismissal of her claim is of her own making"). Plaintiff thus does not have any legal support for his contention that Judge Tauro's dismissal of his earlier claim without prejudice should relieve him of the restraints imposed by the

7

three-year statute of limitation applicable to Section 1983 claims.  Furthermore, Massachusetts rules on tolling are in no way inconsistent with federal law or with the federal policy underlying Section 1983.  Although the policy underlying Section 1983 is to encourage  civil actions by individuals whose rights have been violated, <u>see</u> 42 U.S.C. § 1983, Congress evidenced a stronger policy preference when it amended the PLRA in 1996.  By making exhaustion of administrative remedies mandatory, Congress showed a clear intent to "reduce the quantity and improve the quality of prisoner suits."  <u>Porter</u> v. <u>Nussle</u>, 534 U.S. 516, 524-25 (2002).  Not providing plaintiff with more time in which to file his civil action is thus entirely consistent with Congress' policy preferences, and I hereby allow the Massachusetts DOC defendants' motion to dismiss.

**ORDER**

For the foregoing reasons, it is ORDERED:

Massachusetts Department of Corrections Defendants' Motion to Dismiss (Docket No. 32) is ALLOWED with prejudice.

    /s/Robert E. Keeton
Robert E. Keeton
Senior United States District Judge